## Nevan v. Roup.

A defective notice of the taking of a deposition, is obviated by an appearance and cross-examination of the witness.

Where it appears from a deposition, that the witness is a non-resident of the state, it shows a sufficient reason for taking the same; and it will not be suppressed, although the witness may answer that he intends to be personally present at the term of court at which the cause is to be tried, unless it be shown that the witness is present in court.

Nevan v. Roup.

Where on the taking of a deposition before the clerk of the district court of Iowa county, on the 15th of May, 1858, the witness stated that he resided in St. Louis, Missouri, and that he intended to be present in attendance at the next term of the said Iowa county district court, if alive and well; and where the next term of said court would be held on the first Monday of November next ensuing; *Held*, That the deposition showed a sufficient reason for taking the same.

Delivery and possession is essential to a pledge, but the delivery may be symbolical, and the possession according to the nature of the thing.

Where goods are in possession of a bailee for hire, to which, by his labor or skill, he has imparted additional value, he has a lien for his charges thereon, where there is no special contract, inconsistent with such lien; but he has no right to retain them for the payment of " other debts" due him by the bailor, without a special agreement to that effect.

It is essential to the bailee's right to a lien upon the goods, until his charges for his labor or skill are paid, that the goods should have been delivered into his possession, for the purpose of such labor and skill.

If the bailee parts with his possession, before he is paid his charges, the lien is lost, and will not be reinstated by his again coming into possession of the goods, without the consent or agreement of the bailor.

Where in an action of replevin, to recover the possession of a certain quantity of oats, it appeared that the oats had been grown by S. and his brother, on land rented of defendant; that during the last week in December, 1857, the oats were threshed, and left in rail pens on the land of defendant, where they were grown; that on the first day of January, 1858, S., after setting apart to defendant his portion of the oats, for the rent of the land, which were placed in a separate pen, sold the remainder of the oats to the plaintiff, received payment, and delivered them to him as they were in the said rail pens; and that the land on which the pen with the oats stood, was still in possession of S. at the time of delivery to the plaintiff; and where the defendant claimed to hold the oats under a lien for threshing the same, and as a pledge for the payment of board of the said S. and his brother; and where the court, at the request of the plaintiff, charged the jury as follows: " That to constitute a pledge for debt, there must be an actual delivery of the property into the possession of the creditor; and if the oats were purchased by the plaintiff, for a valuable consideration, without notice of defendant's claim, and defendant did not have actual possession from S., the jury must find for plaintiff;" and where the defendant asked the court to instruct the jury as follows: "That if the oats were threshed by the defendant for S., and left in his possession on the land on which he levied, and if S. owed the defendant for threshing the same, and other debts, that defendant had a lien upon the oats until he was paid; and no sale to plaintiff, without actual delivery and taking out of possess-

ion of defendant, could divest him of his right to possession," which instruction was refused; *Held*, 1. That a constructive possession was sufficient to constitute a pledge ; 2. That the first instruction was erroneous; 3. That the instruction asked by defendant was properly refused.

*Appeal from the Iowa District Court.*

SATURDAY, APRIL 9.

THIS WAS an action of replevin, commenced before a justice of the peace, for two hundred and fifty bushels of oats.   The defendant answered, denying the unlawful detention complained of, and averring that the oats were the property of J. W. & H. Stratton ; and said Strattons being indebted to the defendant in the sum of $12,25 for the threshing of the oats, he claims a lien upon the oats for that amount; and being further indebted to defendant in the sum of $46,00 for board, they delivered the same to defendant, to secure the payment of said last mentioned sum, and that defendant is entitled to retain possession of the same, until said several sums are paid.

There was a judgment for the defendant by the justice of the peace, and an appeal to the district court.   In the district court, exception was taken to the overruling of the motion of defendant, to exclude the deposition of John W. Stratton, and to the refusal of the court to give certain instructions asked by defendant, and to the giving of those asked by the plaintiff.   There was a verdict and judgment for plaintiff.   The defendant appeals.   The other material facts are stated in the opinion of the court.

*Templin & Fairall*, for the appellant.

*Clark & Brother*, for the appellee.

STOCKTON, J.—The objections made to the sufficiency of the notice to take the deposition of Stratton, are obviated

by the fact that defendant appeared and cross-examined the witness.

The defendant further objected to the deposition, that no reason was shown why the same was taken. The witness, in reply to the first interrogatory, stated that he resides in St. Louis, Missouri; and that he intended to be present in attendance at the next term of the court, if alive and well. The deposition was taken before the clerk of the district court of Iowa county, on the 13th of May, 1858. The next term of the district court for said county, was held on the first Monday of November, 1858; and it is claimed by defendant, that as it is shown by answer of the witness, that he intended to be present at that term, no reason was shown for taking the deposition. We think it is sufficient, if the deposition shows that the witness is a non-resident. If this fact is shown, or such other fact as renders the taking of the deposition legal, it will not be excluded, because the witness answers that he intends to be personally present at the next term of the court; nor unless it is shown that the witness is present in court. Code, section 2463.

The evidence in the cause shows, that the oats in controversy had been grown by one J. W. Stratton and his brother, on land rented of defendant; that during the last week in December, 1857, the oats were threshed, and left in rail pens, on the land of defendant, where they were grown. On the first day of January, 1858, the Strattons, after setting apart to defendant his portion of the oats, for rent of the land, which were placed in a separate pen, sold the remainder of the oats to the plaintiff, and received payment for them, and delivered them to him as they were in the rail pen on the ground from which they were grown. The land on which the pen with the oats stood, was still in possession of the Strattons, at the time of the delivery, and they had not, at the time, given up possession of the same to defendant, of whom it had been rented. This is all the testimony shown by the record.

At the request of the plaintiff, the court charged the jury, " that to constitute a pledge for debt, there must be an actual delivery of the property into the possession of the creditor; and if the oats were purchased by the plaintiff, for a valuable consideration, without notice of defendant's claim, and defendant did not have actual possession from Strattons, the jury must find for plaintiff. And that the possession of defendant was wrongful, and he had no right to take such possession, unless the Strattons had delivered the oats to him.

Delivery is, no doubt, essential to a pledge. Possession of the pledge must be delivered to the pledgee. But this possession may be according to the nature of the thing pledged. The delivery may be symbolical, or of a part for the whole. The delivery of a key, where the goods are locked up, is so far a delivery of the goods that it will support an action of trespass against a subsequent purchaser, who gets possession of them. It was not necessary, in this case, that there should have been an actual delivery of the oats into the possession of defendant, by the Strattons. A constructive possession was, in all respects, allowable. 1 Pars. on Cont., 443, 595; *Brownell* v. *Hawkins*, 4 Barb., 491.

The defendant asked the court to instruct the jury, "that if the oats were threshed by the defendant for the Strattons, and left in his possession, on the land on which he lived; and if Strattons owed Roup for threshing the same, and other debts, that Roup had a lien upon the oats until he was paid; and no sale to Nevan, without actual delivery and taking out of possession of Roup, could divest him of his right to possession." This instruction the court refused to give.

For goods in his possession, to which by his labor or skill he has imparted additional value, a bailee for hire, has a lien for his charges thereon, where there is no special contract inconsistent with such lien. *Morgan* v. *Congdon*, 4 Comstock, 551; Story on Bailments, sec. 440.

Conceding that defendant was entitled to retain possession of the oats, until his charges for threshing the same were paid, he had no right to retain them for the payment of "other debts," due him by the Strattons, without a special agreement to that effect. As the instruction asked, assumes that he had the same right to retain the oats until these "other debts" were paid, as he had to retain them until the charges for threshing were paid, we think there was no error in the refusal of the court to give it. *Jarvis* v. *Rogers*, 15 Mass., 389. We may add, that it was essential to the defendant's right to a lien upon the oats, until the charge for threshing was paid, that the oats should have been delivered into his possession, for the purpose of threshing. If he parted with his possession before he was paid, the lien was lost, and was not reinstated by his again coming into possession of the oats, without the consent or agreement of the Strattons. *Bailey* v. *Quint*, 22 Ver., 464.

Other questions are made by the appellant, upon the instructions given and refused by the court, but as the foregoing views may be sufficient for the final disposition of the cause in the district court, they need not now be considered. For the error in the charge before indicated, the judgment will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.