## KITTERIDGE v. FREEMAN ET AL.

### Sale.    Mechanics' Lien.

Defendant, a blacksmith, ironed Scott's sled, and asserted his lien thereon for his pay, whereupon it was agreed that the sled should be defendant's till he was paid, and Scott took and kept possession of the sled, always recognizing defendant's ownership of it. *Held*, that defendant lost his lien by virtue of the contract, and by voluntarily parting with the possession of the sled, and that the sale was not good as against Scott's attaching creditors.

TROVER for a traverse sled.    Plea, the general issue, and trial by the court, June Term, 1875, Ross, J., presiding.

In 1868, one Scott took a traverse sled to defendant Freeman, a blacksmith, to be ironed.    Scott furnished one pair of runners and the iron pins, and Freeman furnished the rest of the iron and did the work, and charged $18.    Freeman would not let the sled go out of his possession till his bill was paid, whereupon it was agreed between him and Scott that the sled should be his until he was fully paid, and thereupon Scott was allowed to take the sled, which he did, and kept it till plaintiff attached it, except that about three years before, Scott went away from home, and Freeman took the sled and got it housed during the summer, but let Scott have it again in the winter.    Scott always recognized Freeman's ownership of the sled, and Freeman had never been paid for ironing it.    In March, 1873, plaintiff attached the sled as Scott's property while in the hands of Scott's bailee, and it was sold on execution and bid off by plaintiff, who sold it to Shaw, from whom Freeman took it, after which Shaw, not having paid for it, sold it back to plaintiff, and plaintiff demanded it of defendants.

Judgment for defendants; exceptions by plaintiff.

*M. Montgomery*, for plaintiff.

Freeman's sole interest in the sled prior to the special contract with Scott, was a mechanic's lien, which was a naked right to detain it until he was paid for his labor and materials expended

upon it.   3  Parsons Cont. 234, *et seq. ;*  2  Kent Com. 634, 642 ;
*Ruggles* v. *Walker*, 34 Vt. 468 ;  Story Bailm. s. 423 ;  Chitty
Cont. 672.

This lien was destroyed by the voluntary surrender of the sled
to Scott.   3 Parsons Cont. 238 ;  2 Kent Com. 863 ;  *Ruggles* v.
*Walker, supra.*

No interest which he could acquire from Scott by contract,
could avail to protect the property from attachment by Scott's
creditors, without a visible change of possession.   *Rothchild* v.
*Rowe,* 44 Vt. 389 ;  *Houston* v. *Howard,* 39 Vt. 54 ;  *Flanagan* v.
*Wood,* 33 Vt. 332 ;  *Sleeper* v. *Pollard,* 28 Vt. 709.

*B. N. Davis,* for the defendants.

Defendant Freeman was the sole owner of the sled.   By iron-
ing he had a common-law lien.   By the special contract the sled
was to be and remain the defendant's till paid for—the common-
law lien thereby being waived.   The wood-work of the sled was
the incident ;  the ironing constituted the principal part of the
sled ;  hence the sled never belonged to Scott—he was simply
bailee, and Freeman had the right to the prior lien against all
other persons.   *Bryant* v. *Clifford,* 13 Met. 138 ;  *Stevens* v.
*Briggs,* 5 Pick. 177 ;  *Clark* v. *Wells,* 45 Vt. 4 ;  *Walcott* v. *Pom-
roy,* 2 Pick. 121.

The best the plaintiff can claim is that Scott and Freeman were
tenants in common of the sled ;  and all Scott's creditors could sell
and gain by the sale was Scott's interest, to wit, the wood-work
of the sled.   But the question whether tenants in common or not,
does not arise on these exceptions.   He might attach and take
possession of the property, but he had no right to sell the whole
property.   The subsequent abuse of his authority, made him a
trespasser *ab initio,* as was decided in *Melville* v. *Brown,* 15
Mass. 82 ;  *Bryant* v. *Clifford,* 13 Met. 138 ;  therefore plaintiff
has no title to the sled.   But if by the sale he acquired Scott's
interest, and Scott was tenant in common, he cannot maintain this
suit ;  as one tenant in common cannot maintain trover against his

co-tenant for the conversion of the common property. *Watts* v. *Fitts*, 24 Pick, 194 ; *Ladd* v. *Hill*, 4 Vt. 164.

When Freeman converted the sled, if at all, the same was the property of Shaw. Shaw might sell his claim to plaintiff or any one else, but the suit should be in the name of Shaw ; and the demand by plaintiff of defendants after he bought the sled back, does not help him, for it does not appear that they were notified of the sale back.

The opinion of the court was delivered by

POWERS, J. Prior to the making of the repairs by the defendant, the sled was the property of Scott. While the repairs were being made, the sled continued to be Scott's property. Freeman applied his skill to, and furnished materials for, Scott's property, and for this reason was entitled to set up a mechanic's lien for the payment of his charges.

This lien is not a right of *property* in the chattel ; it is only a right of *possession* to hold until the mechanic's charges are paid ; the ownership remains in Scott.

While the sled was held by defendant under his asserted lien, Scott transfers to him conditionally the title to the sled, but Scott resumes possession, and while the sled is in the possession of his bailee, it is attached by his (Scott's) creditor.

Under a long line of decisions in this state requiring a substantial change of possession on the sale of chattels, to protect them against attaching creditors of the vendor, a majority of the court think the plaintiff acquired good title to the sled by the attachment and sale to him. The defendant must stand upon his title acquired by the conditional sale to him. This sale itself would merge his lien while he kept possession of the sled, as he could have no mechanic's lien upon his own property ; and if he had, he lost it by parting with the possession. The case thus stands unaffected by the circumstance that a lien had once existed in favor of the defendant, and presents the simple question, whether the vendor can part with the property in a chattel, and retain possession as against his creditors. This question has too many times

been answered in the negative, to be now considered as open to debate.

Judgment reversed, and judgment for plaintiff to recover the value of the sled as found by the court below.

BARRETT, J., dissented.