Wilkerson v. Hood.

M. A. WILKERSON, Respondent, v. T. J. HOOD, Appellant.

St. Louis Court of Appeals, March 10, 1896.

1. **Duress:** THREATS OF IMPRISONMENT. To amount to duress, threats of imprisonment must be of such a character, and made under such circumstances, as to excite the fear of imminent and immediate imprisonment on the part of a reasonably firm person.

2. ————: DETENTION OF PROPERTY. When one of the parties to a contract, in the possession of property of the other, without lawful right or excuse, refuses to surrender it until a certain contract between them is first entered into, and thereon such other party executes this contract in order to get possession of the property, the contract is obtained by duress; and this, though the property could have been recovered by the owner by replevin.

3. ————: RIGHTS OF SURETY. If a surety acts under duress in entering into a contract he will not be bound. And *held*, further, by BIGGS, J. (ROMBAUER and BOND, JJ., expressing no opinion), that the surety may also avail himself of duress exercised against his principal alone.

*Appeal from the Lawrence Circuit Court.*—HON. EDWARD C. CROW, Judge.

REVERSED AND REMANDED.

*Cloud & Davies* and *Jos. M. McPherson* for appellant.

*William B. Skinner* for respondent.

BIGGS, J.—This action originated before a justice of the peace, and is on a note for $20, dated May 7, 1894, payable to plaintiff and signed by the defendant and G. W. Black. Black is the principal in the note, and the defendant a surety. In the circuit court the action was dismissed as to Black, and the cause proceeded against the defendant. The defenses, as stated in defendant's brief, were that Black signed the note under duress in that he was threatened by plaintiff with imprisonment for crime, and further that the consideration of the note was the compounding of a felony committed by Black, and also that the defendant was compelled to sign the note as surety for Black, in order to get possession of a span of mules belonging to him (defendant) which Black had wrongfully traded to plaintiff, and which the plaintiff refused to give up unless the note in suit was given. At the close of the evidence the court instructed the jury to return a verdict for the plaintiff for the amount of the note and interest, which was done, and judgment rendered accordingly. The defendant has appealed, and complains of the instruction and the action of the court in excluding competent evidence offered by him.

In the examination of the defendant's witnesses the court confined the testimony to what was said and done on the day the note was executed. Enough may be gathered from what was admitted to show that, on the day before the note was given, the plaintiff traded for a span of mules which Black as the servant of the defendant then had in his possession, and gave Black therefor two horses and $25; that the next day Black, who was accompanied by the defendant, returned the horses and the money, and demanded the possession of the mules, on the ground that they belonged to the defendant and that he (Black) had no right to trade

them, and that plaintiff refused to give up the mules unless the note was given. Black testified, in substance, that when he made the statement to plaintiff that he had no right to make the trade, the plaintiff replied that there was a good jail in the county which had been built purposely for such fellows, and that he would put him (Black) in it if he did not give the note. Concerning the right of Black to dispose of the mules, and the reason which induced the defendant to sign the note, the court refused to admit any testimony whatever, thus ignoring the defense that the defendant signed the note under duress of property or of goods, that is, to get possession of his property.

We are of the opinion that the evidence is insufficient to show that Black executed the note under duress of person. Threats of imprisonment, to amount to such duress, must be of such a character and made under such circumstances as to excite the fears of a reasonably firm person that his imprisonment is imminent and immediate. This court has held that, to constitute duress by threats of imprisonment, the threats must be accompanied with the statement "that the prosecution had been begun, and that the parties had thus the means immediately at hand of procuring the instant arrest and imprisonment of the person threatened." *Buchanan v. Sahlein*, 9 Mo. App. 552.

Neither do we think that there was substantial evidence that the note was given under an agreement by plaintiff to abstain from prosecuting Black for disposing of the mules. The inference to be drawn from the evidence is that plaintiff did not concede that Black had committed an offense, but his contention was that Black had authority to dispose of the mules, and that he agreed to a rescission of the contract and accepted the note to avoid litigation.

Concerning the other defense we have no evidence,

the court having excluded all inquiries in reference to it. That this defense, if supported by evidence, is valid, there can be no question. The rule now is that duress in its legal sense exists when there is an arrest of the person or seizure of the goods, or a threat or attempt to do one or the other. *Claflin v. McDonough*, 33 Mo. 412; *Vyne v. Glenn*, 41 Mich. 112; *Fout v. Geraldin*, 64 Mo. App. 165. Defendant attempted to show that the mules belonged to him; that Black had no authority to dispose of them; that the plaintiff refused on demand to give them up, and that he (defendant) signed the note as surety for Black in order to get possession of them. If such are the facts, it must be held that he signed the note under duress; for duress of goods exists, when the owner is compelled to submit to an extortion in order to obtain possession of them from one who detains them without lawful right or excuse. It is no answer to say that the defendant could have replevied the mules. As was said in the case of *Astley v. Reynolds*, 2 Strange, 915, which was an action to recover back money paid to release the plaintiff's goods from pawn: "The plaintiff might have such an immediate want of his goods, that an action of trover would not do his business; where the rule *volenti non fit injuria* is applied, it must be when the party had his freedom of exercising his will, which this man had not. We must take it that he paid the money relying on his legal remedy to get it back again."

That all of these defenses were open to the defendant can not be questioned, for under all of the authorities duress is a good defense against a note when the suit is between the original parties (1 Daniel on Negotiable Instruments, secs. 177 and 857; *Clarke v. Pease*, 41 N. H. 414; *Loomis v. Ruck*, 56 N. Y. 462), and it is well settled that, if a surety or guarantor acts under duress in entering into the contract, he will not be

bound, and the weight of authority is that he may defend when duress is exercised on his principal alone, since otherwise the surety, being compelled to pay, could recover from his principal, and thus the latter would be deprived of his defense. 1 Brandt on Suretyship, sec. 12; *Coffelt v. Wise*, 62 Ind. 451.

For errors committed in the exclusion of evidence the judgment of the circuit court will be reversed and the cause remanded.

All the judges concur in the foregoing opinion with this exception: ROMBAUER and BOND, JJ., desire to express no opinion on the question, whether, under the weight of authority, a surety or guarantor may avail himself of the defense of duress exercised against his principal alone. They deem it unnecessary to direct the court on a point not necessarily involved in the case.