## H. D. RAMSEY v. ROSA THOMAS.

Delivered October 31, 1896.

**1. Practice in Trial Court—Opening and Conclusion.**

In an action on a note to which the defendant pleaded a special defense, as to which the evidence was conflicting, it was reversible error to refuse to permit defendant to admit in open court that plaintiff had a good cause of action as set forth in his petition, except so far as it might be defeated by the facts of the special answer, and to grant defendant the right to open and conclude in the introduction of evidence and the argument.

**2. Usury—Forfeiture of Entire Interest.**

Under article 3104, Revised Statutes, 1895, the entire amount of usurious interest is forfeited and uncollectible.

**3.  Same—Attorney Fees.**

The defense of usury interposed to an action on a note will not impair plaintiff's right to recover the attorney fees stipulated in the note, and upon the principal of the obligation.

APPEAL from the County Court of Donley.  Tried below before Hon. B. H. WHITE.

*Browning & Madden*, for appellant.—1.  Appellant had the right, under the statutes and rules of the court, to open and conclude the case, in the introduction of evidence and argument on the facts, upon the terms and under the conditions he requested such privilege; and the court erred in denying him that right.  Sayles' Statutes, arts. 1297, 1299; District and County Court Rule No. 31; Smith v. Traders Bank, 74 Texas, 541; Loving v. Dixon, 56 Texas, 75.

2.  It was error, under the pleadings and facts of this case, to render judgment awarding plaintiff any interest whatever.  Supp. to Sayles' Civ. Statutes, art. 2979; Ledbetter v. Nat. Bank, 31 S. W. Rep., 840; Gilder v. Hearn, 79 Texas, 120; Sheffield v. Gordon, 34 Texas, 532; Mosley v. Smith, 21 Texas, 441.

*Matlock, Cowan & Burney*, for appellee.—If it was error in the court to refuse to permit the appellee to open and conclude the case, that would be no ground for a reversal unless it is evident from the record that injustice resulted to appellant.  McDonald v. Railway, 1 Posey's Un. Cas., 191; Gaines v. Ann, 26 Texas, 340; Belt v. Raguet, 27 Texas, 471; Ney v. Rothe, 61 Texas, 374.

TARLTON, CHIEF JUSTICE.—To the petition of the plaintiff, appellee, which declared upon a promissory note, H. D. Ramsey, the appellant and defendant, a maker of the note, interposed a defense admittedly valid, if true.

After the issues of fact were settled, and before the trial commenced, the defendant requested the court to permit him to admit in open court that the plaintiff had a good cause of action as set forth in the petition, except so far as the same might be defeated in whole or in part by the facts of his special answers; and he requested that the admission be entered of record, and that he be granted leave to open and conclude in the introduction of the evidence and in the argument; bringing himself strictly within the provisions of rule No. 31 for the District and County Courts.

We hold that the court erred in refusing his request.  The right to open and conclude, under the conditions named in the rule referred to, is a substantial and a valuable right (Smith v. Bank, 74 Texas, 541), and unless the record disclose that the refusal of the request provided in that rule was without detriment to the party making the request, such refusal will call for a reversal.  Belt v. Raguet, 27 Texas, 471; Ney v. Rothe, 61 Texas, 374.

Upon the litigateᴜ question presented in the defendant's answer the testimony was sharply conflicting, and we cannot affirm that the action of the court was not prejudicial to the cause of the appellant.

An additional plea urged by the defendant was that of usury with reference to the interest which entered into the note apparently as principal. This plea was sustained by the undisputed evidence. Hence, under article 2979, Sayles' Supplement, Civil Statutes, the entire amount of the interest was forfeited and uncollectible. The judgment, however, should one be rendered, would bear legal interest from its date. The defense of usury would not impair the plaintiff's right to recover the ten per cent attorney's fees stipulated in the note, and upon the principal of the obligation.

Reversed and remanded.

*Reversed and remanded.*