J. P. DAVIE'S EXECUTORS AND H. A. BALDINGER, EXECUTOR, v. CITY OF GALVESTON.

Delivered April 1, 1897.

**1. Municipal Taxation for Street Improvement—Estimate of Cost.**

Under the city charter of Galveston an estimate of the probable cost of any improvement of the streets of the city, by a special committee or by the city engineer, must be made, and such estimate must be considered by the city council as conditions precedent to a valid tax levy for such improvements.

**2. Same—Entry of Orders on Minutes of City Council.**

It will not be presumed that a resolution of the city council, declaring that certain street improvements should be made, was adopted before the engineer's estimate of the probable cost thereof was considered by the council, from the mere fact that the council's minutes of the receipt and adoption of the engineer's report is entered in the record of its proceedings subsequent to that of the adoption of such resolution, where both of such minutes are of proceedings of the same day.

**3. Same—Sufficiency of Minutes to Show Improvement Ordered.**

Where the minutes of the city council show that the city engineer, in obedience to a prior order of the council, made a report to it of the probable cost of certain proposed street improvements, and that this report was referred to the committee on streets, with instructions to advertise for bids for the work, and that afterward the clerk received bids, and the committee on streets recommended the acceptance of one of the bids, which was accepted, and the mayor and such committee instructed to enter into contract with the bidder, such matters are equivalent to an express ordinance of the council directing and ordering the improvements to be made.

**4. Taxation—Payment of Taxes Not Involuntary Nor Under Compulsion, When.**

Where a tax collector levies upon real estate in the possession of its owner and advertises a sale of it for taxes levied thereon, and the owner pays the taxes under protest because of their illegality, and with notice that he will sue for their recovery, this is not such an involuntary payment, or payment made under compulsion, as will entitle him to recover such taxes.

APPEALS from the County Court of Galveston. Tried below before Hon. WILLIAM B. LOCKHART.

*Trezevant & Franklin,* for appellants.—1. The consideration of an estimate of the probable cost, before ordering a street improvement, is made a condition precedent to the exercise of the power of improving the streets of the city of Galveston by the provisions of its charter, and plaintiffs having proved that their testator, for the purpose of preventing a sale of his lot, paid the alleged assessment to defendant's tax collector under

protest, and notified him that he would sue to recover the amount so paid, and having further shown that defendant's city council ordered the improvement in question and the assessment of the cost thereof without having first considered an estimate of the probable cost of said improvement, are entitled to their judgment for the amount thus paid by their testator, together with statutory interest thereon.  Galveston City Charter (1885), secs. 127-129; Cooley on Taxation, 285, 659; Horr & Bemis on· Ordinances, sec. 24; Welty on Assessments, secs. 276, 288; Frosh v. Galveston, 73 Texas, 401; Wood v. Galveston, 76 Texas, 132; Walker v. Potter, 18 Ohio St., 85; Smith v. Toledo, 24 Ohio St., 126; White v. Stevens,. 67 Mich., 33; Whitford v. Probate Judge, 53 Mich., 130; Hoyt v. East Saginaw, 19 Mich., 130; Molett v. Kinon, 22 Ala., 484; In re City of Buffalo, 78 N. Y., 362; In re Carleton Street, 16 Hun, 497; North Pac. Tel. Co. v. City of Portland, 14 Ore., 24; Covington v. Nelson, 35 Ind., 532; Commonwealth v. Egremont, 6 Mass., 491; In re Smith, 52 N. Y., 526.

2.    As to involuntary payments and recovery of taxes paid under protest, the following authorities are in point: Charter, sec. 129; Cooley on Tax., 805; 2 Desty on Tax., 795, 800; Erskine v. Van Arsdale, 15 Wall., 75; Galveston Gas Co. v. Galveston Co., 54 Texas, 287.

3.    This case was before our Supreme Court on a second appeal; see 72 Texas, 509, where the court affirms its former decision, and holds also that interest is recoverable, and that money paid to the person authorized to receive it must be presumed to have been paid over to the corporation. Raisler v. Mayor, 66 Ala., 198; Hubbard v. Brainard, 35 Conn., 503; Ruggles v. City of Fond du Lac, 53 Wis., 436; Parcher et al. v. Marathon Co., 52 Wis., 389; DeFremery v. Austin, 53 Cal., 380.

*R. Waverley Smith*, for appellee.—1.   The evidence shows that ·the· initial step, in the exercise by the city of the power of improving the street, was the passage by the council of a resolution requiring the city engineer to furnish it with his estimate of the probable cost; and the evidence does not show affirmatively that the resolution to pave the street was passed prior to the receipt and consideration of the report by the council; and the city council having said report before it at the time the work was ordered done, the court will presume that the council complied with the law in considering the said report, and in a case of this nature such presumption will be conclusive, in the absence of direct testimony to the contrary.   Cool. on Tax., 2 ed., 308; Dill. on Mun. Corp., secs. 940-941, and note on p. 1147.

2.    The payment by Davie of the tax was voluntary, since it was made by one informed of all the facts connected with the subject matter of the payment and of the facts which rendered such a demand illegal, and under no distress or coercion or compulsion for the purpose of protecting the payor's person or property from process in the hands of an officer who could and would execute it; and in the absence of testimony showing such facts, the mere fact that the payment was accompanied with a protest would not relieve it of its voluntary character and entitle Davie to·

recover the same in this suit. Since the sale, if made by the collector, would not have disturbed the owner in the enjoyment of his property, and other adequate remedies would still remain to him, in case the assessment was illegal, the payment was a voluntary one, even though the notices of sale had been posted. Falls v. City of Cairo, 58 Ill., 403; Dill. on Mun. Corp., sec. 942.

3. Under our practice, the levy and sale would neither have disturbed Davie's possession nor affected his right, since no disturbance would have been made by the officer in the use, possession, or enjoyment of the premises by the owner. Trawick v. Martin-Brown Co., 79 Texas, 463.

4. On the proposition that the payment was voluntary, and that he is not entitled, under the facts, to recover in this suit, see Galveston Co. v. Gorham, 49 Texas, 305; City of Houston v. Feeser, 76 Texas, 367; Taylor v. Hall, 71 Texas, 216; Hirshfield v. Bank, 83 Texas, 459; City of Detroit v. Martin, 22 Am. Rep., 512; Sonoma Co. Tax Case, 13 Fed. Rep., 790; Lester v. City of Baltimore, 29 Md., 415; Babcock v. City of Fond du Lac, 16 N. W. Rep., 627; Taylor v. Board of Health, 31 Pa. St., 73; Union Pac. Railway v. Commissioners Dodge Co., 98 U. S., 541; Dill on Mun. Corp., sec. 493, and note, p. 1155, and note on bottom p. 1152; Cool. on Tax., 2 ed., 809-812; Dill. on Mun. Corp., sec. 944; 2 Beach on Public Corp., sec. 1147; 2 Desty on Tax., 791, 1434; Falls v. City of Cairo, 58 Ill., 403; 25 Am. and Eng. Encyc. of Law, 468, and cases cited in note 2.

PLEASANTS, ASSOCIATE JUSTICE.—These two appeals are from judgments rendered against appellants in suits brought by them, respectively, to recover from the appellee money paid by them under protest, in satisfaction of taxes assessed against the property of the appellants, for the improvement of the street on which said properties abut, and which tax the appellants in their petitions alleged to be illegal and void.

The county judge, by whom the suits were tried without the intervention of a jury, denied the relief prayed for by plaintiffs, holding that the payment of the tax complained of was voluntary, and not compulsory, as alleged by the plaintiffs; and rendered judgment for the defendant in each case, and to these judgments the plaintiffs respectively excepted and gave notice of appeal, and duly perfected their respective appeals to this court.

The charter of the city of Galveston provides that the city council may, whenever by a vote of two-thirds of its members they shall deem an improvement of any street to be for the public interest, make such improvements, provided that before beginning any such improvement the council shall, for the purpose of acquiring the most reliable information of the probable cost thereof, cause an estimate to be made by a committee or by the city engineer of such cost, and upon consideration of said report of said officer or said committee, the council shall determine whether or not the improvement shall be made.

The appellant, J. P. Davie, assigns as error that the court erred in rendering judgment for appellee, because the evidence shows that the city

council ordered the improvement of said street before considering the probable cost thereof.

If this assignment is sustained by the evidence contained in the record, the improvement and the tax were without authority of law, and the tax would be null and void; as it has been held by our Supreme Court that an estimate of the probable cost of any improvement of the streets of the city, by a special committee or by the city engineer, must be made, and such estimate must be considered by the city council, as conditions precedent to making of such improvement. As regards the proceedings of the council touching the improvements which affected the property or the estate of J. P. Davie, the record discloses that on February 15, 1886, the council ordered that the engineer of the city be required to furnish the council at once with an estimate of the probable cost of the proposed improvement; and on said day the engineer made his report in obedience to the foregoing order, which was received and adopted, as the minutes recite; but this entry, as the minutes appear in the record, is subsequent to the entry of a resolution of the council made on the same day, February 15, 1886, ordering the improvement to be made and that the city engineer be required to make a survey and estimate of the cost of the same in accordance with the requirements of an ordinance of the city referred to in the order. And again, on the same day, as appears from the minutes of its proceedings, and subsequent to the resolutions and orders above recited, the council, by a vote of 11 to 1, awarded the contract to make the contemplated improvement to J. W. Byrnes; and on April 15, 1886, the council, by a vote of 11 yeas, nemo contradicente, approved the report of the engineer showing the actual costs of the work, and fixing the amount chargeable to each of the abutting lots, and levied the amounts so fixed, severally, as a tax upon each of said lots. From this state of the record, we can not say that the council, before proceeding to order the improvement, did not consider the report of the engineer as to the probable cost of the improvement. To say so would be unjust to the council, and it is unreasonable to suppose that the council would be so forgetful of its duties, especially as such conduct on its part would render void the entire proceedings. The law usually does not consider the fractional parts of the same day as different periods of time in construing written instruments pertaining to the same matter and bearing same date; and if this rule be observed in construing the minutes of the proceedings of the city council had on February 15, 1886, we would not be justified in concluding that the resolution declaring that the improvement should be made was adopted before the engineer's estimate of the probable costs thereof had been duly considered by the council, simply because the minute of the receipt and adoption of the report of the engineer by the council is entered in the record of the proceedings subsequent to the minute of the adoption of the resolution.

The appellant Baldinger assigns as error that judgment was rendered for appellee, "because the evidence shows that neither before nor after the consideration of an estimate of the probable cost of the improvement was

there an order, resolution, or ordinance ordering said improvement made, adopted, or passed by the city council." We do not think this assignment should be sustained. The record shows that the city engineer, in obedience to an order of the council previously made, did on April 17, 1884, make a report to the council of the probable cost of the proposed improvement, and that on said day this report was, by an order of the council, referred to the committee on streets and alleys, with instructions to advertise for bids for the work, and that on May 19, 1884, the clerk received bids of J. W. Byrnes and others, and on the 20th of the same month the committee to whom the report and estimate of the engineer had been referred, recommended the acceptance of Byrnes' bid, and on June 3, 1884, it was accepted, and the mayor and the committee on streets and alleys were instructed to enter into contract with Byrnes. This action on the part of the city council was, we think, equivalent to an express ordinance of the council directing and ordering the improvement to be made. All that can be said in derogation of the proceedings of the council touching the property of either of the appellants is, that they are in some particulars irregular; but there is nothing in the record to warrant the holding of any part of the proceedings to be void, or even illegal.

We might here conclude this opinion; but as we suppose counsel for appellants desire an expression of opinion from us upon the question whether or not the payments of the taxes by appellants were voluntary, we will now consider that question. The evidence shows that the payment of the tax was made by each of the appellants under protest, and with notice to the collector of the taxes that the payor would bring suit to recover the money, on the ground that the tax was assessed and levied without authority of law, and was therefore void. The evidence further shows that at the time of the payment of the taxes the lots of the appellants had been levied on and were advertised to be sold, and that the payments were made, as alleged, at the time, by the owners of the lots to prevent a sale of their property. The appellants rely upon the decision rendered by our Supreme Court in the case of Galveston Gas Co. v. Galveston County, 54 Texas, 287. In that decision the court held that, under section 13, article 8, of the present Constitution of the State, and section 18, of the Act of August, 1876, a sale of land for taxes and deed from the tax collector would constitute a cloud upon the title of the delinquent taxpayer. But that decision seems to be based upon the idea, though it is not expressly declared, that the tax sale and the deed from the collector of the taxes would give to the purchaser at the sale a prima facie title to the land. The section of the Constitution referred to in the opinion of the court makes it incumbent upon the Legislature, at its first session, to provide for the speedy sale of a sufficient portion of all lands for the taxes due thereon, and declares that the deed of conveyance to the purchaser for all lands thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for

actual fraud, and the Act of August, 1876, passed in pursuance of the above cited section of the Constitution, declares that a deed for real estate sold for taxes shall vest a good and absolute fee in said land to the purchaser, if not redeemed within two years as therein provided. But under the later decision of Meredith v. Coker, 65 Texas, 29, the doctrine that a deed from a tax collector to a purchaser at a tax sale of lands is prima facie evidence of title in the purchaser, or is any evidence whatever of title, without proof of all the prerequisites for conferring power upon the collector to make the sale, seems to have been utterly repudiated by our Supreme Court; and this later decision seems to be in harmony with other decisions rendered by that court previous to that in Galveston Gas Co. v. Galveston County, supra. And besides, the ordinance of the city of Galveston upon the subject of deeds made to purchasers of land at tax sales by the city collector does not, as did the statute cited in the decision last named, declare that the deed of the collector of city taxes shall "vest a good and absolute fee in the land, if not redeemed in two years." We are of the opinion, therefore, that the sale of the appellants' lots in the city of Galveston by its collector of taxes, and a deed by the collector to the purchasers of the properties, would not have cast a cloud upon the titles of the appellants; and such being the case, we think the lower court did not err in holding that the payments of the taxes were made voluntarily, and not through compulsion. The better doctrine seems to be (and that doctrine seems to have been recognized in several late decisions by the Supreme Court of this State, as City of Houston v. Feeser, 76 Texas, 365; Taylor v. Hall, 71 Texas, 216; and Galveston City Co. v. Galveston, 56 Texas, 486), that when there is neither mistake nor fraud, to entitle one to recover back taxes which he was under no obligation to pay, the payment must be compulsory. Dill. on Mun. Corp., sec. 946. And the common law rule on this subject is said in Union Pacific Railroad Co. v. Dodge County, 98 U. S., 541, and in Lamborn v. Dickinson County, 97 U. S., 181, to be, where a party pays an illegal demand, with full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary, and can not be recovered back. And the fact that the party, at the time of making the payment, files a written protest, does not make the payment involuntary. The appellants, when they paid the taxes complained of, were in the undisturbed possession of their properties, and the tax collector was without power to disturb their possession, nor could a purchaser at tax sale eject them from the lands, except by a judgment of a court of competent jurisdiction; and to entitle the purchaser to such judgment, he would be compelled to prove that the taxes for which the lots were sold were levied by the city council, and that the tax was legal, and that in making the sale the collector complied with all the requirements of the law necessary to empower him to make the sale. In such a suit the appellants, it seems, would be·in better position than in a

suit to recover back the taxes. The appellants can not be said to have been under compulsion; there was no imminent danger to themselves or their property constraining them to pay the taxes, and the payment must be held to be voluntary, notwithstanding their protest and notice to the collector that suits would be instituted against the city to recover back the money.

The judgment in each of the above numbered appeals is affirmed.

*Affirmed.*