(March 13, 1905.)

# WILLIAMSON v. MOORE.

[80 Pac. 227.]

(Two cases heard together.)

LIEN ON PERSONAL PROPERTY FOR CARE THEREOF—TENANTS IN COMMON
OF PERSONAL PROPERTY—INJUNCTION PENDING DETERMINATION OF
AN ACTION FOR DAMAGES.

1. One who renders services in the care and protection of personal property is, under the provisions of section 3445, Revised Statutes, as amended by act of February 9, 1899 (Sess. Laws 1899, p. 181), entitled to a lien on such property, dependent on possession, for his pay therefor.

2. Two of three tenants in common in possession of personal property may lawfully manage and control the same and their employment of another person to care for and protect the property will entitle such person to a lien thereon dependent on possession, for his pay for such services.

3. Where M. sells a tract of land to W. and others, and places a deed therefor in escrow and upon payment of the balance due on the escrow, M. refuses to surrender possession of the premises, the grantees are not thereby entitled to an injunction restraining M. from drawing the purchase money from the bank holding the escrow until the termination of an action for damages for unlawfully holding possession.

(Syllabus by the court.)

APPEAL from District Court in and for Blaine County. Honorable Lyttleton Price, Judge.

Action in ejectment for the possession of real property and to recover possession of certain personal property, and also suit for injunction restraining defendant from drawing certain money from the bank in which the same was deposited. Judgment for plaintiffs, from which defendant appeals. Injunction issued against defendant, and from an order refusing to dissolve the same, defendant also appeals. Affirmed in part and reversed in part.

The facts are stated in the opinion.

Sullivan & Sullivan, for Appellant.

Although a contract may not expressly say it is not transfer-able, yet if there are equivalent expressions or language which exclude the idea of performance by another, it is not assignable. (*La Rue v. Groezinger,* 84 Cal. 283, 284, 18 Am. St. Rep. 179, 24 Pac. 42.) The parties to a contract may in terms prohibit its assignment so that the assignees cannot succeed to any rights in virtue of it. (2 Am. & Eng. Ency. of Law, 1035.) Contracts which are entered into with a view to the confidence reposed in each other by the contracting parties, with the belief on one side and the other in the responsibility and solvency of the opposite party, are not assignable. (2 Am. & Eng. Ency. of Law, 1037, and authorities cited; *Arkansas Valley Smelting Co. v. Belden Min. Co.,* 127 U. S. 379, 8 Sup. Ct. Rep. 1308, 32 L. ed. 246.) An executory contract, made in view of the confidence reposed in one another by the parties thereto, is not assignable by one without the consent of the other. (*Boykin v. Campbell,* 9 Mo. App. 495.) Either cotenant may charge his separate interest, or may convey or mortgage it, or become personally liable upon an undertaking respecting it. (17 Am. & Eng. Ency. of Law, p. 673.) In general, the tenant in possession may use and man-age the common property in any way he chooses, provided he does not injure his cotenants. (17 Am. & Eng. Ency. of Law, p. 670, and authorities cited.) In general, all acts done by one tenant for the protection or preservation of the common prop-erty, will inure to the benefit of all the cotenants, who in a proper case may be called upon for contribution for the expense incurred in proportion to their respective interests. (17 Am. & Eng. Ency. of Law, p. 671, and authorities cited; *Crary v. Camp-bell,* 24 Cal. 637, 638.) A tenant in common is entitled to charge his cotenant with a just proportion of the expenses in-curred for the benefit of the common property. (*Peyton v. Smith,* 22 N. C. 325; *Hitchcock v. Skinner,* 1 Hoff. Ch. 21; *Anderson v. Greble,* 1 Ashm. 136; *Ruffners v. Lewis' Exrs.,* 7 Leigh, 720, 30 Am. Dec. 513.) The right of a tenant in com-mon to the use and enjoyment of the common property exists not only in favor of the tenant himself but also in favor of a stranger claiming under him as lessee, licensee, or otherwise, so

long as such possession and use do not interfere with the rights of the other cotenants. (17 Am. & Eng. Ency. of Law, p. 671; *Berthold v. Fox*, 13 Minn. 501, 97 Am. Dec. 243; *McGarrell v. Murphy*, 1 Hilt, 132; *Causee v. Anders*, 20 N. C. 388; *Ord v. Chester*, 18 Cal. 77; *Carpentier v. Small*, 35 Cal. 361, 362; *Lee Chuck v. Quan Chong & Co.*, 91 Cal. 593, 28 Pac. 45; *Hardy v. Johnson*, 68 U. S. 371, 17 L. ed. 502.) Defendant, in his cross-complaint, claims a special lien on said property under his contract of employment with Newland and Jensen. (Idaho Rev. Stats., sec. 3445; *Comstock Min. & Milling Co. v. Lundstrum*, 9 Idaho, 257, 74 Pac. 975.) An assignment, after the lien of a creditor has attached, as by filing a bill, etc., only conveys the property subject to that lien. (*Corning v. White*, 2 Paige, 567.) An assignee generally succeeds only to the rights of his assignor. (*Bullard v. Kinney*, 10 Cal. 60.) Generally, the assignee of a contract takes his assignor's rights, but subject to the same burdens. (*Smith v. Rogers*, 14 Ind. 224; *Phalen v. State*, 12 Gill & J. 18; *Kelley v. Schupp*, 60 Wis. 76, 18 N. W. 725.) Where it appears that the defendant is in possession of the property with the license or consent of the plaintiff's cotenant it is error to render judgment in favor of the plaintiff for restitution and possession of the whole property. All that he is entitled to is to be let into possession with the defendant to enjoy his moiety. (*Lee Chuck v. Quan Wo Chong & Co.*, 91 Cal. 593, 28 Pac. 45.) Section 4288, Revised Statutes, enumerates cases in which an injunction may be granted. The complaint filed does not come under any of the cases enumerated. It is necessary to allege facts. It is a well-settled rule of pleading that bare allegations of conclusions cannot avail the pleader, especially where a demurrer is interposed, without a statement of probative facts upon which the conclusions are based. (10 Ency. of Pl. & Pr., p. 925, and authorities cited.)

P. M. Bruner, for Respondent, cites no authorities.

AILSHIE, J.—On April 25, 1902, the defendant Moore entered into a contract with the plaintiffs Newland and Williamson and one Lars J. Jensen for the sale of a certain farm, together with livestock and farm implements thereon, situate in the

county of Blaine, for the sum of $2,050, and on that date the purchasers paid the sum of $1,000, and the defendant executed a deed to the property and placed the same in the First National Bank at Hailey, in escrow. The escrow agreement accompanying the deed provided that the purchasers should pay the balance of $1,050 into the First National Bank, with interest thereon at the rate of eight per cent per annum, which sum was to be paid on or before the twenty-fifth day of April, 1904. It is conceded by all parties to the action that the purchase price of $2,050 was to be paid in full for both the ranch and the personal property, but no mention was made of the personalty in the deed, and no bill of sale appears to have been executed. But the escrow agreement contains the following reference to the personal property: "It is further mutually agreed that said second parties do not dispose of any stock on said land, consisting of one cow and six head of horses, until the land is paid for." The plaintiff Sherry was the agent and attorney in fact for the plaintiff Williamson in negotiating this purchase, and appears to have been the agent and attorney in fact for Williamson ever since that time. It was agreed between Moore, Newland and Jensen at the time of the transaction that Newland and Jensen should take immediate possession of the property, both real and personal, but it was specifically stipulated between them that Sherry should not be let into the possession of any of the property prior to making final payment. This agreement appears to have been made because of Moore's personal dislike for Sherry and his opinion as to Sherry's responsibility. In accordance with this agreement, Newland and Jensen entered into the possession of the property and continued in the possession and control of the same until September 3, 1902, on which date they entered into a written contract with Moore, by the terms of which Moore agreed to take possession of the ranch and personal property and to care for the same in a workmanlike manner so long as Jensen and Newland might desire, and which contract it was stipulated might be terminated at the option of Jensen and Newland, and in consideration thereof they promised and agreed to pay Moore the sum of $45 per month for such services. Neither Williamson nor her agent, Sherry, were

consulted about this transaction, nor did they take any part in the same; but Moore testifies that on the same day he notified Sherry of the contract which had been entered into between him and Jensen and Newland. Jensen and Newland appear to have left the country, but prior to leaving sold and assigned all their rights under the escrow agreement of April 25, 1902, to the plaintiff Sherry. Sherry demanded possession of the property from Moore, and Moore declined to surrender the possession until the balance of the purchase price was paid. This action was thereupon instituted against Moore in ejectment for the possession of the property and for damages for its detention.

The defendant answered and also filed a cross-complaint, in which he pleaded the agreement under which he took possession of the property and claimed a lien upon the property under the provisions of section 3445, Revised Statutes, as amended February 9, 1899 (Sess. Laws 1899, p. 181), and asked that his claim for taking care of and protecting the property at the rate of $45 per month be ascertained and adjudged as a lien against such property. The case was tried to a jury and verdict was returned in favor of the plaintiffs for the possession of the property, both real and personal, without damages, and judgment was thereupon entered accordingly. A careful examination of the record in this case discloses no reason for our interfering with the judgment in ejectment for possession of the real property. We know of no principle of law by which, under the facts of this case, defendant Moore could acquire a lien upon the realty for either the care and protection of the real estate or personal property. On the other hand, under the provisions of section 3445, *supra,* and the authority of *Idaho Comstock M. & M. Co. v.. Lundstrum,* 9 Idaho, 257, 74 Pac. 975, decided by this court, the defendant is entitled to a lien, dependent upon possession, on the personal property which had been intrusted to his care, keeping and protection under the agreement of September 3d, between himself and Newland and Jensen. The trial court refused to admit in evidence this contract between Moore, Jensen and Newland, apparently upon the theory that it had never been submitted to Mrs. Williamson or her agent, Sherry, for approval. But even had it been objectionable upon that ground,

it would still have been admissible for the purpose of establishing the contract, and therefore attaching the lien against the interests held by Jensen and Newland at the time of its execution. But we think the agency in this case was sufficiently established and sufficient knowledge of the whole transaction was imparted to both Williamson and her agent, Sherry, as to bind the Williamson interest and make the contract admissible as against all the plaintiffs. The grantees were tenants in common, and the possession by one of such tenants of personal property was possession by all, and was sufficient to justify an exercise of the control and management assumed in this case. (17 Am. & Eng. Ency. of Law, 2d ed. 670; *Southworth v. Smith,* 27 Conn. 355, 71 Am. Dec. 72; *Tallman v. Barnes,* 54 Wis. 181, 11 N. W. 478.) It necessarily follows that one caring for such property under employment from the tenant in possession thereof is entitled to his lien under section 3445, *supra.*

After the commencement of the action in ejectment, and prior to the trial thereof, the plaintiffs Williamson and Sherry filed a further complaint against the defendant, setting up most of the facts contained in the first complaint, and the fact of the pendency of the action in ejectment, and that the plaintiffs were claiming damages against the defendant, and that defendant was wholly insolvent and unable to respond in damages, and that plaintiffs were about to pay into the First National Bank the balance of the purchase price under the escrow agreement of April 25th, and that the defendant was still retaining possession of the premises, and praying for an injunction against the defendant withdrawing the deed from the bank, or withdrawing the sum of $900 of the purchase price which the plaintiffs were then about to pay into the bank, until the final determination of the action in ejectment. The court thereupon granted a temporary injunction. After the entry of judgment in the ejectment case, in which plaintiffs were not allowed any damages whatever, the defendant moved the court to dissolve the injunction previously issued against his withdrawing $900 of the purchase price from the bank, and his motion was denied. From the order denying such motion, the defendant has also appealed, and both appeals have been heard together in this

court. Upon what theory the trial judge granted an injunction upon the complaint in this case we have been unable to discover. It was not within the province of a court of equity to restrain the defendant from drawing out of the bank the purchase price of his property pending the effort of the plaintiffs to secure a judgment against him for unliquidated damages. This was clearly an effort to hold money in such manner that it would be subject to execution for the payment of a prospective judgment. But the court refused to dissolve the injunction after the plaintiff had failed to obtain a judgment for damages. This was error.

Our conclusion from an examination of the whole record in this case is as follows: The orders granting the injunction and refusing to dissolve the same are hereby reversed. The judgment in ejectment for the possession of the real property described therein is affirmed, and that part of the judgment granting the plaintiffs possession of the personal property described therein is reversed. The cause is remanded to the trial court with direction to allow defendant's lien on the personal property and hear further evidence as to the amount due defendant if the parties desire to offer further evidence, and if they do not, to make finding upon the evidence already produced and enter judgment in harmony therewith and in accordance with the views herein expressed.

Costs awarded to appellant.

Stockslager, C. J., concurs.