## CALDWELL v. AUTO SALES & SUPPLY CO.

(Court of Civil Appeals of Texas. Austin. June 25, 1913.)

1. BILLS AND NOTES (§ 104*)—DEFENSES—DURESS.

In an action upon a check given by defendant to pay for repairs to his automobile, where plaintiffs by unlawfully withholding possession of the machine compelled the giving of a check for a larger amount than that which was really due, their good faith, in enforcing a claim, in fact improper, will not affect defendant's right to set up duress as a defense.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 242-247; Dec. Dig. § 104.*]

2. BAILMENT (§ 18*)—BAILOR'S LIEN—WAIVER OF LIEN.

Where plaintiffs who repaired defendant's automobile voluntarily surrendered possession of it before the repair charges had been paid, their right to a lien under Rev. Civ. St. 1911, arts. 5665, 5666, giving mechanics the right to retain possession of articles repaired until the amount due shall be fully paid off, was waived.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77-79, 81-84; Dec. Dig. § 18.*]

3. TRIAL (§ 203*)—INSTRUCTIONS—ISSUES.

Where the evidence raises an issue, a requested charge thereon, if proper in form, should be granted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477-479; Dec. Dig. § 203.*]

4. BAILMENT (§ 18*)—BAILOR'S LIEN—RIGHT TO WITHHOLD POSSESSION.

Where plaintiff who repaired an automobile demanded a greater price than that agreed upon, withholding possession until he could

---

compel the payment of such price, his possession was unlawful.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. § 18.*]

5. TRIAL (§ 25*)—OPEN AND CLOSE—RIGHT TO.

Under district court rule 31, providing that plaintiff shall have the right to open and close, unless the burden of proof of the whole case rests upon the defendant, or unless the defendant shall admit before trial that plaintiff has a good cause of action, except so far as it may be defeated by his affirmative defense, and Rev. Civ. St. 1911, art. 1953, providing that the party having the burden of proof of the whole case shall be entitled to open and conclude, it was not improper for the court to deny defendant the right to open and close in an action upon a check given by him in payment for repairs on his automobile, even though the only defense was duress, where he did not admit the cause of action until the conclusion of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

Appeal from Travis County Court; R. E. White, Judge.

Action by the Auto Sales & Supply Company against T. J. Caldwell. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Caldwell & Caldwell, of Austin, for appellant. Geo. Mendell, Jr., of Austin, for appellee.

RICE, J. Appellant left his automobile with appellee at their shop in San Antonio for repairs; and, according to his contention, it was understood that the charges therefor should not exceed $100. After the machine had been repaired, appellant went to San Antonio, and was allowed to take the same out in charge of a chauffeur for the purpose of testing it. They were out several hours, and returned to the garage, where, according to appellant's contention, the automobile was unconditionally delivered to him without the payment of the bill for repairs. He took the machine away, and used it about the city during the day; but, owing to the fact that it was about to rain, returned it to the garage for the purpose of leaving it until the shower was over. Later in the day he went to the garage, but was not allowed to take the machine out until he paid appellee for repairs, which appellee claimed amounted to the sum of $196.62, which he at first refused to do. Finally, in order to obtain possession of the automobile, he gave appellee his check on the American National Bank of Austin for said amount, whereupon the machine was delivered to him, and he returned to Austin that night. He, however, stopped payment of said check, and this suit was brought by appellee to enforce payment thereof.

Appellant, after a general denial, relied upon a plea of duress, and also set up the fact that appellee had no legal right to refuse delivery of said machine after having voluntarily and unconditionally surrendered the same to him. There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted. Without reviewing the evidence in detail, we think that introduced in behalf of appellant is sufficient to raise the issue of duress, as pleaded by him.

[1] It is urged under the first and second assignments of error that the court erred in submitting this issue to the jury in this: That said charge, in effect, in addition to requiring that in order to find for appellant the jury must not only believe that plaintiff knew that defendant was not indebted to him in the amount of the bill as presented, but likewise that said demand therefor on the part of appellee must be made for the purpose of defrauding defendant; and, further, in telling the jury that if they believed from the evidence that the plaintiff's claim against the defendant was made in good faith, and in the belief that the same was due the plaintiff from the defendant, then they were instructed that the plaintiff had the right under the statute to hold said automobile until such sum was paid. It is the contention of appellant, with which we agree, that if he was compelled to submit to an unlawful exaction on the part of appellee in order to obtain his machine, and in doing so executed a check for a greater amount than appellee was entitled to, that then appellee could not recover thereon, irrespective of whether they demanded more than was due thereon for the purpose of defrauding defendant, and irrespective of whether their claim was made in good faith or not. Hackley v. Headley, 45 Mich. 569, 8 N. W. 511; Lamborn v. Dickinson Co. Com'rs, 97 U. S. 181, 24 L. Ed. 928; Taylor v. Hall, 71 Tex. 216, 9 S. W. 141; Oliphant v. Markham, 79 Tex. 548, 15 S. W. 569, 23 Am. St. Rep. 363; Galveston City Co. v. Galveston, 56 Tex. 494; M. K. & T. Ry. Co. v. Carter, 9 Tex. Civ. App. 677, 29 S. W. 575; Ladd v. S. C. P. & M. Co., 53 Tex. 193; Harmony v. Bingham, 12 N. Y. 112, 62 Am. Dec. 142; Wilkerson v. Hood, 65 Mo. App. 491; Glass v. Haygood, 133 Ala. 489, 31 South. 976; Clark & Loftus v. Pearce, 80 Tex. 149, 15 S. W. 787; Davie v. City of Galveston, 16 Tex. Civ. App. 13, 41 S. W. 147.

In Hackley v. Headley, supra, it is said that "duress of goods may exist when one is compelled to submit to an illegal exaction in order to obtain them from one who has them in possession, but refuses to surrender them until such exaction is submitted to." In Ladd v. S. C. P. & M. Co., supra, the court says: "To entitle the party voluntarily paying money to recover it back on the ground of duress, he must, at the time of such payment, be under the necessity of either then making the payment, or of resorting to the courts to get possession of the property wrongfully detained, or to recover his liberty, or at least to

show that there was an apparent necessity for resorting to the courts for one or the other of these purposes." In Wilkerson v. Hood, supra, it is held, as shown from the syllabus, that when one of the parties to a contract in possession of the property of the other, without lawful right or excuse, refuses to surrender it until a certain contract between them is entered into, and thereupon such other party executes this contract in order to get possession of the property, the contract is obtained by duress; and this though the property could have been recovered by the owner by replevin.

From a review of the above cases we think it appears that if one, in order to obtain possession of property unlawfully withheld from him, submits to an unlawful exaction, and pays money or executes a check in order to obtain possession thereof, that it is immaterial what purpose actuated the party making such demand, and the other party will be relieved in either event, irrespective of such purpose. We think the court erred in giving the charge complained of, and sustain said assignments.

[2] Appellant requested and the court refused to give the following charge: "If you believe from the evidence that previous to the time defendant returned his automobile to the garage of plaintiff on the afternoon of February 9, 1911, and after the work done by plaintiff on said automobile was completed, that plaintiff had unconditionally and voluntarily surrendered possession of said automobile to the defendant, then any further holding of said automobile by plaintiff for previous charges thereon was illegal and unlawful." The right on the part of appellee to retain possession of said machine for their charges thereon depends upon articles 5665, 5666, R. S. 1911, and articles 3320, 3321, R. S. 1895. If they had previously voluntarily and unconditionally surrendered possession of the machine to appellant, they lost their lien and were not entitled to hold possession thereof, and their subsequent coming into possession of the machine, under the circumstances above indicated, would not revive their right under the statute. See 25 Cyc. 675, Liens; Gay v. Hardeman, 31 Tex. 245; Burrow v. Fowler, 68 Ark. 178, 56 S. W. 1061; Wenz v. McBride, 20 Colo. 195, 36 Pac. 1105; Hurley v. Epps, 69 Ga. 611; Williamson v. Moore, 10 Idaho, 749, 80 Pac. 227; Smith v. O'Brien, 46 Misc. Rep. 325, 94 N. Y. Supp. 673; Block v. Dowd, 120 N. C. 402, 27 S. E. 129; Holderman v. Manier, 104 Ind. 118, 3 N. E. 811; Tucker v. Taylor, 53 Ind. 93; Nevan v. Roup,

8 Iowa, 207; McDougall v. Crapon, 95 N. C. 292; Kitteridge v. Freeman, 48 Vt. 62.

[3] The facts raised this issue, and it was the duty of the court to have given the charge requested for which reason the third assignment is sustained.

[4] The following charge was requested by appellant and refused: "You are charged that if you believe from the evidence that the demand of plaintiff upon defendant at the time the check was given was excessive, and plaintiff demanded more than was legally due it, and refused to surrender possession of said automobile until said excessive or improper charges were paid, then you are charged that such unlawful holding of said automobile was illegal and unlawful." The facts raised this issue, and the charge, under the authorities was proper and should have been given.

[5] While the burden of proof on the issue of duress was upon the defendant (see Wilkerson v. Bishop, 47 Tenn. [7 Cold.] 24; Bullard v. Smith, 28 Mont. 387, 72 Pac. 761; Nebraska v. Klee, 70 Neb. 383, 97 N. W. 476; Lee v. Ryder, 1 Kan. App. 293, 41 Pac. 221; Stout v. Judd, 10 Kan. App. 579, 63 Pac. 662[1]) and he would have been entitled, in our judgment to open and conclude, both in introducing his evidence and his argument, if he had made the admission as indicated in rule 31 (142 S.W. xx) before the trial commenced; but if his statement could be regarded as such admission, it was not made until after the conclusion of the evidence. We think the court, under the circumstances, did not err in refusing his request in this respect. See district court rule 31; R. S. 1895, art. 1299; R. S. 1911, art. 1953; Belt v. Raguet, 27 Tex. 471; Smith v. Traders' Bank, 74 Tex. 541, 12 S. W. 221; Ramsey v. Thomas, 14 Tex. Civ. App. 431, 38 S. W. 259.

The court should not have permitted the witness Kalkurst to testify to the contents of the bill presented to appellant, for the reason that he was not shown to have such knowlege thereof as would have entitled him, under the circumstances disclosed in the bill of exceptions, to testify in regard thereto; for which reason we sustain the several assignments of error of appellant complaining of the admission of his testimony.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in the Kansas Appeals Reports.