### DUKE v. WALTER.   (No. 8437.)

(Court of Civil Appeals of Texas. Dallas. Jan. 22, 1921. Rehearing Denied Feb. 19, 1921.)

**1. Trial ☞25(11)—Defendant admitting cause of action before impaneling of jury had right to open and close argument.**

Where defendant confessed plaintiff had a good cause of action, unless he (defendant) could defeat it by proof, and asked to be permitted to open and close the argument, filing the admission and request as provided by the rule made by the Supreme Court, the trial

court erred in refusing to grant such right, the admission and request having been filed after announcement of ready for trial and impaneling of the jury, but before any pleadings were ready or evidence offered, the trial not having commenced then within the meaning of the rule.

**2. Judgment ☞256(1)—Judge had no authority to enter judgment contrary to findings.**

The trial judge had no authority to enter judgment for plaintiff contrary to the jury's findings.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by L. H. Walter against D. T. Duke. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Will M. Marten and Collins & Cummings, all of Hillsboro, for appellant.

Wear & Frazier, of Hillsboro, for appellee.

RAINEY, C. J.   Appellee sued appellant for a balance of $1,145 of a note due on a Nash automobile, together with interest on said note and for foreclosure of mortgage on same. By his first amended answer appellant, among other things, sets up false representations, guaranty of quality, material defects in the automobile which was alleged to have been sold by appellee to the appellant, that the automobile was useless, and a prayer is made that the trade be canceled. Various pleas were filed by both parties pro and con, and the claims of both were sharply contradictory. On a trial before a jury judgment was rendered against appellant on special issues for the balance due as claimed on the note, and for foreclosure of the lien on said automobile, and appellant perfected an appeal to this court.

We do not think the judgment is in accord with the answers given by the jurors to the issues presented by the court. The special issues and answers are as follows:

"Special issue No. 1. Was a contract of sale entered into by and between plaintiff and defendant on or about February 8, 1918, whereby the plaintiff guaranteed to the defendant that the said car in question would give satisfaction to said defendant? Your answer to this question will be Yes or No."   Yes.

"If you should in answer to the foregoing special issue, find that there was no agreement entered into by and between the parties at said time in which said plaintiff guaranteed to said defendant that said car would give satisfaction, then you need not consider any further issues, but return your answer to said issue to the court as your verdict in the case.

"If, however, you should find in answer to special issue No. 1 that there was an agreement entered into by and between said parties on said February 18, 1918, whereby said plaintiff guaranteed to defendant that said car would give satisfaction to defendant, then in that event you will proceed to consider and answer the following special issues:

---

"Special issue No. 2. Did the said car give satisfaction in accordance with said agreement? You will answer this question Yes or No." No.

"Special issue No. 3. Did the plaintiff cause a new motor to be placed in said car during the month of July, 1918? You will answer this question Yes or No." No.

"Special issue No. 4. After the time it is alleged that said motor was placed in said car, did the plaintiff guarantee to the defendant that the car would give satisfaction as an automobile? You will answer this question Yes or No." Yes.

"If you have answered the above and foregoing question in the affirmative, then you will answer this question:

"Special issue No. 5. Has the car given satisfaction since it is alleged a new motor was placed in said car?" No.

"Special issue No. 6. Has the said Nash car sold by plaintiff to defendant given such services as an automobile that it is now or has been useful as an automobile?" No.

And in answer to special issues requested by the plaintiff and submitted to the jury by the court, the jury answered them as follows, to wit:

"1. Did the defendant, D. T. Duke, after having knowledge of the fact that the car in question had been sold to Burgess, enter into an agreement with the plaintiff to take the car in question to Dallas and have a new motor placed therein?" Answer: Yes.

"2. What was the date of said agreement?" Answer: June, 1918.

"3. After the motor was placed in the car, was it delivered to defendant, and if yes, about what was the date of the delivery?" Answer: Immediately.

"4. After it was delivered to defendant, he continued to use the same until the filing of the suit?" Answer: No.

"5. What was the date of the last complaint, if any, that the defendant made to the plaintiff with reference to said car?" Answer: October, 1918.

"Special issue No. 1. What is the present market value of the automobile in question?" Answer: Worthless.

"The said verdict having been signed by W. C. Bilbrey, foreman, and returned into the court, and the said jurors having in open court answered each question respectively, as is herein recited, and said verdict is by the court approved and ordered filed as a part of the record in this case."

Whenever a case is submitted on special issues, it is the duty of the trial judge to enter a judgment conforming to such issues, and a failure to enter such judgment is reversible error. If such judgment is entered, it makes no difference how wrong it is, it is the duty of the trial judge to set it aside on motion and cause a new trial. The trial judge in this proceeding did not observe the law in this case, and ignored the rule of practice as prescribed by our statute.

[1] Appellant, for the purpose of getting the benefit of having the opening of the argument of the case confessed that appellee had a good cause of action, unless appellant could defeat it by proof, and asked to be permitted to open and close the argument, filing the admission and request, as provided by the rule made by the Supreme Court, and the court refused to grant this right. This was error. The admission and request were filed after announcement of ready for trial, and after the jury was impaneled, but before any pleadings were ready or any evidence offered. The court refused to grant the motion to open and close the argument on the ground that it was filed too late, since the rule requires that it be filed before the trial commences. We believe the rule means that it shall be filed before the processes of developing the case commence, and does not include such preliminary steps as selecting the jury and adjusting the machinery of the court for hearing the case. Hence the admission was filed in time to profit by the rule prescribed by the Supreme Court, and the appellant could take advantage of it under the facts the record presents.

[2] The trial judge had no authority to enter judgment for appellee contrary to the jury's findings.

The judgment is reversed, and the cause remanded for a new trial.