**KENNEDY et al. v. McCAULEY.　(No. 1872.)**

(Court of Civil Appeals of Texas.　Amarillo.
Jan. 11, 1922.)

**1. Appeal and error ⬀1046(3) — Denial of right to open and close prejudicial where evidence sharply conflicts.**

Denial to a party of his right to open and close is reversible error, where the evidence on the issues was sharply conflicting.

**2. Trial ⬀25(11)—When "trial commences" within rule conditionally giving defendants right to open and close stated.**

Within rule 31 (142 S. W. xx) for district courts, giving defendants the right to open and conclude in adducing the evidence and in the argument, if "after the issues of fact are settled and before the trial commences" they admit that plaintiff has a good cause of action as set forth in the petition, except as defeated by defense in the answer, "trial commences" with the reading to the jury of the pleadings, under Rev. St. art. 1951, so defendants' admission is not too late, though made after both parties had announced ready for trial and after jurors had been questioned for cause. (Rev. St. arts. 1944, 1947).

Appeal from District Court, Collingsworth County; J. A. Nabers, Judge.

Action by G. W. McCauley against L. A. Kennedy and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

R. H. Templeton, of Wellington, and Benson & Benson, of Bowie, for appellants.
C. C. Small, of Wellington, for appellee.

HUFF, C. J.　The appellee, C. W. McCauley, sued appellants L. A. Kennedy and R. Q. Kennedy, in the district court of Collingsworth county, on a promissory note for the sum of $1,500, interest and attorney's fees, executed the 10th day of December, 1919, payable to the appellee. The defendants answered that the note was void for the want of legal consideration; that it was executed to appellee in settlement of a difference between an agreed contract price and the market price of 20 bales of cotton which had been sold by L. A. Kennedy to appellee on the future market under an alleged agreement that there should be no actual manual delivery of the cotton, but that the parties would adjust their profit and loss on the sale on the basis of the difference between the market value of the cotton on November 20, 1919, and the contract price for the cotton, which was 17 cents per pound. R. Q. Kennedy also set up that he signed the note as surety; that his signature was attached after the indebtedness had accrued and was outstanding;

and that there was no additional consideration moving either to or from any of the parties that would render his signature binding upon him. The appellee, by supplemental petition, answered that L. A. Kennedy obligated himself to deliver to appellee 20 bales of cotton on or before November 20, 1919, for which he was to pay Kennedy the sum of 17 cents per pound when the cotton was actually delivered; that Kennedy breached his contract, failing to make actual delivery as agreed, and thereafter agreed to pay appellee the sum of $2,500 damages for failure to deliver, and the note in controversy was executed and delivered in part payment of the damages; that the consideration for the signature of R. Q. Kennedy was forbearance on the part of appellee to demand an attempt to collect the full amount due him by L. A. Kennedy at the time of the breach of the contract, and an actual extension of time for the payment of the $1,500 in damages.

[1; 2] The first and second assignments of error are based upon the action of the trial court in refusing to grant appellants the right to open and close in the introduction of the testimony and in the argument. After both parties had announced ready for trial and after the jury had been questioned for cause, but before the jury had been selected to try the case, and while the clerk was drawing the list of the jury to present to plaintiff and defendants for the purpose of exercising their challenge, the defendants jointly filed with the clerk and presented to the court their written admission that plaintiff had a good cause of action as presented by his petition, subject to be defeated by the defense set up in defendant's answer, as provided by rule 31 for the district courts (142 S. W. xx), in such cases made and provided, and requested the court thereon to give them the right to open and close in the introduction of the evidence and in the argument. This request the trial court refused, giving as his reason therefor that rule 31 required the admission to be filed before the commencement of the trial.

Under the pleadings and the written admission filed, under rule 31, the burden of proof was upon appellants, and they had the right to open and close in the introduction of evidence and in the argument. A denial of that right is reversible error if the admission was made within the proper time, as the evidence introduced upon the issues in this case presented was sharply conflicting. This is a valuable right and not a mere privilege and not subject to the trial court's discretion. Ney v. Rothe, 61 Tex. 374; Sanders v. Bridges, 67 Tex. 93, 2 S. W. 663; Ramsey v. Thomas, 14 Tex. Civ. App. 431, 38 S. W. 259; Cunningham v. Davis, 141 S. W. 808; Bank v. Cooper, 179 S. W. 295; Clements v. McCain, 49 S. W. 122;

236 S.W.—48

Knight Realty Co. v. Williams, 193 S. W. 168, and authorities cited. The question presented by the ruling of the trial court is: When, within the meaning of the rule, is the commencement of the trial? The defendants "shall, after the issues of fact are settled, and before the trial commences, admit that the plaintiff has a good cause of action," etc. The issues of fact to be settled, of course, are determined by the pleadings. A civil case is to be tried when called, unless continued or postponed. Article 1944, R. C. S. Where cases are called for trial, issues of law arising on the pleadings must be settled. The issues of law cannot be postponed for the cause that a party is not ready on the issues of fact. Article 1947. So we think the issues of fact to be settled may be settled after announcement of ready for trial. It follows after issues of fact are settled the defendants may make the admission before trial commences on the issues of fact. The mere test of jurors as to their qualification we do not think a commencement of the trial within the meaning of the rule. Article 1951, R. S. C., provides:

"In suits tried by a jury the trial shall proceed in the following order," etc.: (1) Reading of petition; (2) the answer; (3) if there is an intervener, his pleading; (4) "The * * * plaintiff or defendant upon whom rests the burden of proof on the whole case under the pleadings shall then be permitted to state to the jury briefly the nature of his claim or defense and facts relied on in support thereof;" (5) such party shall then introduce his evidence; (6) the adverse party may make his statement; (7) he shall then introduce his evidence; (8) the intervener may make his statement and introduce his evidence; (9) the parties shall be confined to rebutting testimony.

It will be seen from the statute it is contemplated in civil suits the trial on the issues of fact is commenced by reading the petition, but when it comes to the statement of the case and the introduction of the evidence the party on whom the burden is placed by the pleading takes the lead. It seems to us the commencement of the trial referred to by the rule is that trial the order of which is prescribed by the statutes. The admission must be made before the commencement or proceeding in the order of the trial prescribed by the statute. In the case of Hittson v. State National Bank (Sup.) 14 S. W. 780, after the jury had been selected, one of the defendants made the admission under the rule. The Supreme Court said, in effect, when it is desired to proceed under the rule the request must be made before any evidence has been introduced and the admission must be made by all the defendants who have filed answers. In that case it was held, one of the defendants having failed to make the

admission who had filed an answer, there was no error in refusing to give the defendant who had made the admission the opening and closing. The implication is clear, we think, that, had both defendants filed the admission after impaneling the jury and before the introduction of the evidence, it would have been in time. This also seems to have been the view of the court in the case of Clements v. McCain, 49 S. W. 122. However, in that case the admission was filed before announcing ready for trial, but the request was made before the introduction of the evidence. "Trial," in practice, is defined:

"The examination before a competent tribunal, according to the law of the land, of the facts put in issue in a cause for the purpose of determining such issue" (3 Bouvier's Law Dictionary, Rawle's 3d Rev. 3320), "including all steps in the case from the submission to the jury to the rendering of the judgment." Id.; Castellaw v. Blanchard, 106 Ga. 97, 31 S. E. 801, citing And. Law. Dict. title Trial.

"Trial," within the meaning of the rule and statute governing practice or procedure in civil cases, relates to trials on the merits upon a plea in bar and does not extend to a trial on a plea in abatement or on hearing of demurrers or dilatory matters. "Trial" in this sense ends with the verdict or a judgment. Wagner v. State, 42 Ohio St. 537. In criminal cases in this state doubtless in all important actions by the court requiring the personal presence of the defendant a more extended meaning of the term should be and is given. Gibson v. State, 3 Tex. App. 437. In the case of Caldwell v. Auto Sales & Supply Co., 158 S. W. 1030, cited by appellee, the admission was not made until after the introduction of all the evidence. The same is true also as to the case of Insurance Co. v. Simpson, 28 S. W. 837, and Lott v. Ballew, 198 S. W.·

645 (4). Where the admission is not made until after the introduction of the testimony, it seems to be the generally accepted rule, in other jurisdictions as well as ours, that it comes too late. 38 Cyc. 1300, H. et seq. We see no injury which could have resulted to the plaintiff's rights when his cause, as pleaded, is admitted before the issues are presented to a jury under the statute; certainly there is nothing in this record which shows any injury would have resulted to his rights in giving appellants the right to open and close, both on the evidence and in the argument. We believe the action of the trial court reversible error in this case.

The remaining assignments challenge· the findings of the jury that the contract was not a gambling contract or a future contract, as defined by our penal laws, for the reason, it is asserted, that the evidence conclusively establishes that it was a contract for futures. The evidence is sufficient, we think, to authorize a finding in favor of the validity of the contract.

R. Q. Kennedy also presents assignments that the evidence conclusively established that there was no consideration, as alleged by him, for his signature to the note as surety. We think that it is not conclusively so shown. The assignments therefore are overruled, and we believe the court properly submitted the issues to the jury.

There was no error in refusing to submit the issues set out under assignments 7 and 8. We think the court, in the issues submitted to the jury, sufficiently submitted the question, and that the additional issues would not have aided the jury in determining the issues there sought to be submitted.

For the error in refusing to grant to the appellants the right to open and close, both in the introduction . of the evidence and in the argument, the case will be reversed and remanded.