**In the Matter of the ESTATE OF Ozema Bain HILL, Deceased.**

**No. 07–87–0311–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 30, 1988.

Gibson, Ochsner & Adkins, Marvin W. Jones, Amarillo, for appellant.

Shelton & Jones, Travis D. Shelton and T. Dale Jones, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and PIRTLE, JJ.

BOYD, Justice.

Appellant Bonnie Hill Futrell brings this appeal from a trial court judgment in favor of appellee Kenneth Dale Hill, individually and as independent executor of the estate of Ozema Bain Hill, deceased, dismissing appellant's application to set aside an order probating Mrs. Hill's will. The basis of the trial court judgment was that appellant had accepted benefits under the will and was not an "interested party" for the purpose

of contesting the will within the purview of Texas Probate Code Annotated section 93 (Vernon 1980). In one point, appellant complains the trial court erred in its dismissal because the question of whether appellant lacked standing to bring her action was waived by appellee's failure to request a hearing in limine on that issue in advance of trial. We affirm the trial court's judgment.

Appellant is a natural daughter of Ozema Bain Hill, deceased, and was a devisee under her mother's will. The basis of her contest was that the will was a product of undue influence and fraud. Appellee answered with specific denials and affirmatively alleged that appellant lacked standing to contest the will because she had accepted benefits under the will.

Appellant's action was scheduled for jury trial and a jury panel qualified and sworn for selection of a trial jury. Appellant completed her voir dire examination of the panel. During appellee's voir dire examination, appellant objected to voir dire questions regarding the subject as to whether appellant had accepted benefits under the will. The basis of that objection was the same as that of appellant's point of error, *i.e.*, by failing to request a hearing on that subject prior to trial, the estoppel issue was waived. Appellee immediately requested that an in limine hearing on standing be held, to which the trial court acceded. After some discussion between the trial judge and counsel for both sides, it was decided to allow appellee to complete the voir dire examination. Jury strikes were then made and the jury chosen, but not sworn. After the jurors chosen were recessed, the court conducted an in limine hearing, resulting in the judgment from which appellant appeals.

▪ It is well settled that before one may prosecute a proceeding such as this, he must be, and if called upon to do so must prove that he is, a person interested in the estate. *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 297–98 (1960). The proper and required procedure is to try the issue of interest separately and in advance of a trial of the issues affecting the validity

of the will and the failure to do so results in waiver of the issue. *Chalmers v. Gumm*, 137 Tex. 467, 154 S.W.2d 640, 641–43 (Tex.Comm'n App.1941, opinion adopted).

▪ The Texas Probate Code defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered...." Tex.Prob. Code Ann. § 3(r) (Vernon 1980). If this definition was applied in a vacuum, appellant would obviously be an "interested person" by virtue of her status as devisee under the decedent's will. However, the Texas courts have somewhat restricted the application of the term "interested person" by their requirement that a showing of interest be made in an in limine proceeding and matters such as acceptance of benefits, estoppel and relinquishment of interest can be involved in the determination of that question. *Sheffield v. Scott*, 620 S.W.2d 691, 694 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

Appellant does not attack the sufficiency of the evidence to support the trial court's conclusion that she had accepted benefits under the will and, therefore, is not "interested." Instead, her point of error is based on the timing of the in limine hearing, *i.e.*, that it was held after the voir dire examination of the jury panel and the jury strikes were made although prior to the actual swearing in of the trial jury. She argues that the hearing was not held "in advance of trial," which appellant equates with the wording "before issue is joined on the merits of the case." *See Chalmers v. Gumm*, 154 S.W.2d at 643.

▪ In response to appellant's contention, appellee mounts a two-fold response. Initially, he contends that the question of standing is not always one to be determined by the trial court but, in a case such as this, there may be fact issues requiring resolution by a jury as fact finder. We disagree. The issue as to the interest of a contestant is to be tried separately in an in limine proceeding and in advance of the issues affecting the validity of the will. That preliminary in limine proceeding is to

be conducted before, and its determination made by, the court without a jury. *Sheffield v. Scott*, 620 S.W.2d at 693. Second, says appellee, a civil trial in Texas "commences" when the trial jury is sworn.

The question as to when a civil trial "commences" in this state is an open one. In support of her proposition, appellant places primary reliance upon federal and foreign state decisions. Those cases are *State of N.J. v. Chesimard*, 555 F.2d 63 (3rd Cir.1977); *United States ex rel. Walker v. Gunn*, 511 F.2d 1024 (9th Cir.), *cert. denied*, 423 U.S. 849, 96 S.Ct. 91, 46 L.Ed. 2d 72 (1975); *Kaoru Kadota v. City and County of San Francisco*, 166 Cal.App.2d 194, 333 P.2d 75 (1958); and *Wilhite v. Agbayani*, 2 Ill.App.2d 29, 118 N.E.2d 440 (1954).

In the *State of N.J. v. Chesimard*, 555 F.2d at 63, the defendant sought federal court intervention to prevent trial of her state criminal case on Friday because she was a Muslim and Friday is the Islamic Sabbath. What the Court characterized as the "major question" in the case was whether the defendant had exhausted her state remedies and the focus of the Court's attention was on that question. In a footnote, and as an additional reason for its affirmance of the lower court, the Court noted that a petition for removal to federal court must be filed "before trial" and that the removal petition in its case was not filed until after two days of jury voir dire involving sixty-four prospective jurors. *Id.* at 65 n. 1. Without explication of its reasoning, and as an additional reason for affirmance of the lower court, the Court cited *United States ex rel. Walker v. Gunn*, 511 F.2d at 1024, for the proposition that the phrase "before trial" as used in the federal removal statute must be construed to mean "before proceedings for empaneling a jury," and, therefore, the removal petition was untimely filed. 555 F.2d at 65 n. 1.

In *United States ex rel. Walker v. Gunn*, 511 F.2d at 1024, the defendant filed a petition to remove his state criminal prosecution after voir dire examination of potential jurors had continued for some

two days. En route to its eventual holding that the petition was untimely filed, the Court noted that the federal removal statute is imperative and mandatory, must be strictly complied with and is to be narrowly construed. It also noted that the statute was in derogation of state sovereignty and should not be enlarged beyond "what is definite and free from ambiguity." *Id.* at 1027. Therefore, it reasoned, strict construction, common usage and, in particular, avoidance of abuse of the removal statute, justified an interpretation of the statute's requirement of "before trial" as being "before proceeding of empaneling the jury." *Id.*

Moreover, in reaching its conclusion, the *Walker* Court placed considerable reliance upon the court's statement in *Kaoru Kadota v. City and County of San Francisco*, 333 P.2d at 76, that a holding "that the impanelment of the jury is a part of the trial not only comports with the common understanding among lawyers and judges, but finds support in the rulings of the courts of other jurisdictions in a variety of circumstances." 511 F.2d at 1026. The *Kadota* case involved the interpretation of a California statute which required dismissal of a case not brought to trial within five years. In that case, a jury actually was selected and sworn on a Friday which was within the five-year period. Because plaintiff's counsel was ill, he requested a continuance to the following Monday. The five-year period expired on the intervening Saturday, which led to the motion for dismissal by the defendant granted by the trial court, but reversed by the appellate court. 333 P.2d at 75–76. It was in this context that the *Kadota* court's ruling and observations were made. In view of the fact that a trial jury had been selected and sworn prior to the continuance, the court's statement was broader than required.

*Wilhite v. Agbayani*, 118 N.E.2d at 440, involved the interpretation of a section of the Illinois Civil Practice Act which allowed the dismissal of a civil action upon notice and payment of costs, "at any time before trial or hearing begins." When the cause was called for trial, the original plaintiff's (appellant's) claims were dismissed, leaving

only the defendant's (appellee's) counterclaim pending. In a pretrial hearing, the appellant raised a question as to the competency of certain evidence to be offered by the appellee. Appellee's counsel stated his surprise at the dismissal of the original action and requested a continuance. Upon objection by the appellant to the continuance, it was agreed that the case would be called for trial, a jury selected and sworn and the matter then continued. At the continuance date, appellant's evidentiary motion was sustained. Appellee then stated that as a result of the ruling he was forced to dismiss his case, moved to do so, and, over objection by the appellant that trial had begun and appellee was not entitled to dismiss, the motion was granted by the trial court. It was in this context that the appellate court made the following observation:

> After the impaneling of the jury and the recessing of the court on March 17, there remained no uncertainty as to the trial proceeding at 10 o'clock the following morning. The swearing of the jury could be for no purpose other than to try the law suit. It is not suggested that there is any authority for the tentative selection of a jury. No reason is advanced for appellee's failure to present his motion for voluntary dismissal at the pre-trial conference on March 16 when there could be no question raised as to its propriety. The appellant was required to be prepared to proceed with the trial the next day at the hour to which the court recessed and his rights in that regard were entitled to consideration.

*Id.* 118 N.E.2d at 441–42. The court continued with the observation:

> In general it has been held that the trial begins when the jury are called into the box for examination as to their qualifications and that the calling of a jury is part of the trial. 53 Am.Jur.Trial § 4.

*Id.* 118 N.E.2d at 442.

However, and significantly, the court's actual conclusion was:

> Since the jury had been examined and sworn when appellee made the instant motion, there would seem to be no doubt

that the trial had begun. Appellee was therefore not entitled to take a nonsuit. . . .

*Id.* Examination of the *Wilhite* opinion as a whole reveals that the fact that a trial jury had actually been selected and sworn was a significant and compelling impetus to the court's actual holding.

In summary, we do not find appellant's authorities persuasive. The federal cases involved the construction of a federal statute and policy considerations not existent in this case. In *Kadota*, the statute involved and the language used, "brought to trial," was adopted by the legislature after a California Supreme Court decision holding the impaneling of a jury is a part of the trial, a factor to which the *Kadota* court apparently gave considerable weight in arriving at its decision. 333 P.2d at 76. Moreover, in that case a trial jury had actually been selected and sworn prior to the trial court's questioned dismissal. In the *Wilhite* case, a trial jury had also been selected and sworn, a fact which was commented upon by that court and appears to have been a significant factor in its decision. 118 N.E.2d at 442.

While, as we commented above, the actual question before us has not been decided in this state, there are some Texas decisions in which the courts' reasoning is helpful in resolving this issue. In *Duke v. Walter*, 227 S.W. 714 (Tex.Civ.App.—Dallas 1921, no writ), the Court had before it a question regarding the interpretation of language which is now carried forward in Texas Rule of Civil Procedure 266 regarding a method by which a defendant may become entitled to open and close both evidence and jury argument. What was then Rule 31 of the Rules of Procedure provided, as does present Rule 266, that a defendant may gain the right to open and close the evidence and the argument by admitting "after the issues of fact are settled and before the trial commences" that the plaintiff is entitled to recover as set forth in his pleadings except insofar as it may be defeated by some defensive matter. The appellant, Duke, had filed such an admission after announcements of ready and af-

ter the trial jury was impaneled but before any pleadings were read or any evidence offered. The trial court refused Duke the right to open and close, holding that the admission was not timely filed. The appellate court reversed this action with the observation that "[w]e believe the rule means that it [the admission] shall be filed before the processes of developing the case commence, and does not include such preliminary steps as selecting the jury and adjusting the machinery of the court for hearing the case." *Id.* at 715.

 In *Kennedy v. McCauley*, 236 S.W. 752 (Tex.Civ.App.—Amarillo 1922, no writ), this Court was presented with a similar question. In that case, the admission was made after the voir dire examination of the jury panel but before the trial jury was actually selected. In holding that the admission was timely filed within the purview of the rule, we observed "[t]he mere test of jurors as to their qualification we do not think a commencement of the trial within the meaning of the rule," and held that " 'Trial', within the meaning of the rule and statute governing practice or procedure in civil cases, relates to trials on the merits upon a plea in bar and does not extend to a trial on a plea in abatement or on hearing of demurrers or dilatory matters." *Id.* at 753–54. The teaching of the cases is that a trial does not commence within the purview of that rule until all preliminary questions have been determined, a trial jury sworn and issue joined upon the merits to be actually decided by that trial jury.

Likewise, in this case the determination as to appellant's standing to bring the suit was preliminary to joinder of issue on the question actually presented by the suit, *i.e.,* whether the deceased's will was valid. That being the situation, we find the reasoning of the above cases and their decision as to when a trial "commences" persuasive and analogous as to the "before issue was joined on the merits" question presented here. We hold that the submission of the standing issue to the trial court prior to the swearing in of the trial jury constituted a presentation to that court before issue was joined on the merits and satisfied the rule

articulated in *Chalmers v. Gumm*, 154 S.W.2d at 641–43, and other cases of like ilk.

It is now well established that a criminal trial "starts" with the swearing in of the trial jury. *See Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Crim.App.1979) (on remand from the United States Supreme Court). Our holding in this case will implement a desirable consistency between civil and criminal rules in that respect which will aid judicial efficiency. Moreover, it recognizes the trial court's discretion in the conduct of its trials, which is very broad, *Schroeder v. Brandon*, 141 Tex. 319, 172 S.W.2d 488, 491 (1943), and to be reviewed only upon a showing of abuse. *Clark v. Turner*, 505 S.W.2d 941, 945 (Tex.Civ.App.—Amarillo 1974, no writ).

Appellant's point of error is overruled and the judgment of the trial court affirmed.