# IN THE SUPREME COURT OF TEXAS

## No. 20-0424

### IN THE ESTATE OF DEMPSEY JOHNSON, DECEASED

### ON PETITION FOR REVIEW FROM THE
### COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

**Argued February 25, 2021**

JUSTICE BLAND delivered the opinion of the Court.

It has long been the rule in Texas that a person cannot accept benefits under a will while contesting its validity.[1] In this case, a beneficiary under a will seeks to circumvent this rule by contending that the bequest she accepted is worth less than the inheritance she would receive should she succeed in nullifying the will. The trial court rejected this argument and dismissed the contestant's suit for lack of standing. The court of appeals reversed.

Once a will contestant establishes an interest in an estate, the will's proponent must establish any affirmative defenses that defeat that interest, including that the contestant is estopped from contesting the will because she has accepted a benefit under it. The contestant may rebut such

---

[1] *Trevino v. Turcotte*, 564 S.W.2d 682, 685–86 (Tex. 1978) ("It is a fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will." (citing *Miller v. Miller*, 235 S.W.2d 624 (Tex. 1951); *Dakan v. Dakan*, 83 S.W.2d 620 (Tex. 1935); *Lindsley v. Lindsley*, 163 S.W.2d 633 (Tex. [Comm'n Op.] 1942); and *Dunn v. Vinyard*, 251 S.W. 1043 (Tex. Comm'n App. 1921, judgm't affirmed))).

evidence by showing that her acceptance is consistent with seeking to set the will aside. We reaffirm, however, that a contestant does not defeat an acceptance-of-benefits defense by showing that the benefit she accepted is worth less than a hypothetical recovery should her will contest prevail.

The will's proponent in this case established that the contestant accepted benefits under the will to which she was not otherwise legally entitled. Because the contestant did not rebut this evidence, the trial court properly dismissed the contest. Accordingly, we reverse the judgment of the court of appeals and render judgment dismissing the suit.

**I**

Shortly before his death, Dempsey Johnson executed a will, in which he devised his estate through specific bequests and left the residuary to his three daughters, Lisa Jo Jones, Tia MacNerland, and Carla Harrison. In addition to MacNerland's residuary interest, Johnson bequeathed to her a mutual fund account and one-half of a bank account. Johnson named Jones the estate's independent executor.

Johnson died in August 2017. In October, Jones applied to probate Johnson's will. In December, Jones transferred to MacNerland the mutual fund account that Johnson had bequeathed to her, and MacNerland assumed ownership of the account. The account's value at the time of the transfer was $143,229.15.

In February 2018, MacNerland sued Jones, as the estate's executor, seeking to set aside Johnson's will. She alleges that Johnson lacked testamentary capacity when he executed the will or did so under Jones's undue influence. Jones answered that MacNerland had no standing to

2

contest the will because MacNerland had accepted benefits under it—namely, the mutual fund account that MacNerland took possession of three months earlier.

MacNerland did not return the mutual fund account to the estate, and in May, Jones filed a sworn inventory of the estate's assets and liabilities.[2] The inventory valued Johnson's estate at $1,427,209.94, including MacNerland's mutual fund. Jones then moved to dismiss MacNerland's will contest for lack of standing, claiming that MacNerland's acceptance of the account as a bequest under the will estopped her from suing to invalidate it.

In response, MacNerland conceded that she had inherited the mutual fund account through her father's will. Relying on the inventory, however, MacNerland argued that the acceptance-of-benefits doctrine did not deprive her of standing to contest the will because the value of the mutual fund account was "far less" than one-third of her father's $1.4 million estate—the proportionate amount, MacNerland claims, she "would have received" had he died without a will.

The trial court dismissed MacNerland's will contest for lack of standing.

MacNerland appealed, contending that the trial court misapplied the acceptance-of-benefits doctrine. She argued that her contest is consistent with her acceptance of the mutual fund account because, win or lose the contest, she is entitled to more. The benefit that she accepted—the mutual fund account—is not the full amount to which she is entitled under the will, and further, if she succeeds in her will contest, then her intestate share of her father's estate would exceed the

---

[2] The inventory identified other property in the residual estate that Johnson did not devise by specific bequest. *See* TEX. EST. CODE § 309.051 (requiring a representative to prepare and file an inventory and appraisement that sets out, among other things, the "representative's appraisement of the fair market value" of all property belonging to the estate).

account's value. Because Jones did not provide evidence to contradict MacNerland's assertion, MacNerland argued, Jones did not carry her burden to establish that the acceptance-of-benefits doctrine bars her claim.

The court of appeals agreed, relying on precedent from that court.[3] The court held that Jones "failed to satisfy her burden, as the Will's proponent, by failing to demonstrate that [MacNerland] accepted greater benefits than those to which she was entitled under the Will or intestacy laws."[4]

Jones petitioned for review. Once she established that MacNerland had accepted benefits under the will, Jones argues, it became MacNerland's burden to produce some evidence that her acceptance of the mutual fund account is consistent with claiming that the will is invalid.[5] We granted review.

---

[3] ___ S.W.3d ___ (Tex. App.—Dallas, 2019) (mem. op.) (relying on *Holcomb v. Holcomb*, 803 S.W.2d 411 (Tex. App.—Dallas 1991, writ denied)).

[4] *Id.* (citing *Holcomb*, 803 S.W.2d at 414).

[5] Jones alternatively challenges the court of appeals' reliance on judicial notice of the will to identify Johnson's heirs at law and the estate inventory to establish the value of Johnson's estate because the trial court did not admit either into evidence. Because we conclude that Jones established that the acceptance-of-benefits doctrine bars MacNerland's claim, we need not address this issue.

## II

## A

Under the Estates Code, any "person interested in an estate" may contest its administration in probate court.[6] A "person interested" in an estate is "an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered."[7]

To have standing to contest a will, a person must first establish this interest. As we held in *Logan v. Thomason*, "the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will."[8] "In the absence of such interest a contestant is a mere meddlesome intruder."[9]

In a will contest, a probate court addresses the standing question first. When a party challenges a contestant's interest in an estate, the trial court hears that issue during an *in limine* proceeding before hearing the contest itself.[10] At the *in limine* hearing, the court decides whether the contestant has a legal or equitable interest in the estate. During that hearing, the contestant

---

[6] *See* TEX. EST. CODE § 55.001 ("A person interested in an estate may, at any time before the court decides an issue in a [probate] proceeding, file written opposition regarding the issue.").

[7] *Id.* § 22.018(1).

[8] 202 S.W.2d 212, 215 (Tex. 1947).

[9] *Abrams v. Ross' Estate*, 250 S.W. 1019, 1021 (Tex. Comm'n App. 1923, judgm't adopted), *disapproved of on other grounds by Ferreira v. Butler*, 575 S.W.3d 331, 338 n.55 (Tex. 2019).

[10] *See Womble v. Atkins*, 331 S.W.2d 294, 298 (Tex. 1960) ("The proper procedure" to challenge a contestant's interest in the estate "is to try the issue of interest separately and in advance of a trial of the issues affecting the validity of the will.").

must establish an interest in the underlying estate.[11] At that point, the burden shifts to the will's proponent to adduce evidence of any affirmative defense that precludes the contestant from proceeding with her claim.[12] Thus, the will's proponent bears the burden to establish that the contestant voluntarily accepted benefits under the will. Absent any evidence rebutting it, competent evidence showing that the contestant accepted benefits under the will is sufficient to bar the contestant from proceeding to the merits of her claim.[13]

## B

The acceptance-of-benefits doctrine bars a party from contesting the validity of a will while enjoying its benefits.[14] It arises out of equity's aversion to a claimant who seeks to exploit irreconcilable positions. Equity does not permit the beneficiary of a will to grasp benefits under the will with one hand while attempting to nullify it with the other.[15]

A contestant may rebut the doctrine's applicability by showing that she did not accept the benefit through the will. The law does not deprive a contestant of standing when she otherwise has

---

[11] *Id.* at 297–98 ("It is too well settled to admit of argument that before one may prosecute a proceeding to probate a will or contest such a proceeding he must be, and if called upon to do so must prove that he is, a person interested in the estate.").

[12] TEX. R. CIV. P. 94; *see Trevino v. Turcotte*, 564 S.W.2d 682, 686–87 (Tex. 1978) (holding heirs estopped from bringing will contest because father accepted benefits under the probated will); *Womble*, 331 S.W.2d at 297 (holding that, upon introduction of estate settlement and release, "the burden shifted to [the contestant] to adduce evidence, then and there, [to] establish that the release was not valid").

[13] *See Trevino*, 564 S.W.2d at 686–87; *Womble*, 331 S.W.2d at 297.

[14] *Trevino*, 564 S.W.2d at 685–86 ("It is a fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will.").

[15] *See id.* at 689 ("The rule of election and estoppel in will contests is based upon equity and public policy. It is designed to prevent one from embracing a beneficial interest devised to him under a will, and then later asserting a challenge of the will inconsistent with the acceptance of benefits.").

a present legal right to the benefit. That is, if the contestant is otherwise presently entitled to the accepted benefit, then her acceptance of it is not inconsistent with suing to set aside the will.[16] For example, a contestant who accepts a bank account payable to the contestant upon the decedent's death or as an assertion of her interest in a community estate does not act inconsistently with a will contest because she does so through means other than the will.[17] In such a case, there is no inconsistent position justifying estoppel because the contestant does not seek to nullify the will while she simultaneously enjoys its benefits.

In examining the application of these principles, we review questions of standing *de novo*.[18] In applying a *de novo* standard of review, we "construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties."[19] Because MacNerland did not request

---

[16] *See Wright v. Wright*, 274 S.W.2d 670, 676 (Tex. 1955) (holding that "there is no benefit" if accepted benefit is something to which the contestant is otherwise presently legally entitled), *overruled on other grounds by Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958), *as recognized in Gulf, C. & S. F. Ry. Co. v. McBride*, 322 S.W.2d 492, 496 (Tex. 1958).

[17] Other exceptions may exist. Our case law suggests that a contestant who lacks knowledge of material facts at the time she accepts a benefit may overcome an acceptance-of-benefits defense by returning the benefit. *See Trevino*, 564 S.W.2d at 686 (considering whether a beneficiary "returned or tendered a return" of accepted benefits as part of determining whether beneficiary's acceptance was voluntary). Because MacNerland does not raise other exceptions, we do not address their applicability.

In *Kramer v. Kastleman*, we observed that applying the acceptance-of-benefits doctrine in the divorce context "presents unique concerns" because a divorce involves the "division of shared interests." 508 S.W.3d 211, 220 (Tex. 2017). For that reason, "merely using, holding, or securing possession of community property awarded in a divorce decree does not constitute clear intent to acquiesce in the judgment," absent a showing of prejudice. *Id.* at 228. Unlike the community interests at issue in *Kramer*, MacNerland is not a surviving spouse, nor does she claim that the will secures a division of a community estate in which she has an interest. Thus, we do not address the factors that inform the doctrine in such circumstances.

[18] *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020).

[19] *Id.* (quoting *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018)).

7

findings of fact or conclusions of law, we imply all findings necessary to support the trial court's judgment.[20]

### III

The operative facts in this case are largely undisputed. The parties agree that MacNerland is a "person interested" in her father's estate because she is a devisee under her father's will.[21] MacNerland concedes that she accepted the mutual fund account from Jones as part of the distribution of the estate. Nevertheless, MacNerland proposes—and the court of appeals agreed— that her assertion of an entitlement to greater benefits under her father's will or, hypothetically, as an intestate heir, defeats Jones's defense of estoppel by acceptance of benefits.[22] MacNerland draws support for her position from *Holcomb v. Holcomb*, a court of appeals decision suggesting that a contestant may challenge the will if the benefits she accepted are worth less than those to which she is entitled under the challenged will or intestate laws.[23]

In addition to the court of appeals in this case, two other courts of appeals have examined *Holcomb*'s novel interpretation. In *In re Estate of McDaniel*, the Texarkana Court of Appeals expressly disagreed with *Holcomb*, describing it as "an inaccurate statement" of this Court's precedent.[24] In *In re Meeker*, a divided panel of the Fort Worth Court of Appeals endorsed *Holcomb*—at least in principle—by allowing a beneficiary to pursue pre-suit discovery under

---

[20] *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

[21] TEX. EST. CODE § 22.018(1).

[22] ___ S.W.3d ___ (Tex. App.—Dallas, 2019) (mem. op.).

[23] 803 S.W.2d 411, 414 (Tex. App.—Dallas 1991, writ denied).

[24] 935 S.W.2d 827, 829 (Tex. App.—Texarkana 1996, writ denied).

8

Texas Rule of Civil Procedure 202 to determine whether the beneficiary would receive greater benefits than those he had accepted either under an alternative will or intestate laws.[25] As the dissent observed, however, even the pursuit of pre-suit discovery was inconsistent with the beneficiary's acceptance of benefits under the will because he treated the will as "both valid (by accepting its benefits) and void (by asserting a contest)."[26]

The suggestion in *Holcomb* that a will contestant may presently accept benefits under the will based on a hypothetical claim to greater benefits should a court declare it invalid finds no support in our case law. We rejected the idea more than sixty years ago in *Wright v. Wright*.[27] As we explained in that case, the test for determining whether a contestant's acceptance of benefits estops her from bringing a will contest "does not depend upon the value of the benefits," "[n]or is it to be determined by comparing them with what the statutes of descent and distribution would afford the beneficiary in the absence of a will."[28] Rather, the doctrine asks whether the contestant has an existing legal entitlement to these benefits other than under the will. If there is no existing

---

[25] 497 S.W.3d 551, 554–55 & n.4 (Tex. App.—Fort Worth 2016, no pet.) ("Relators have not directed us to evidence establishing that [the beneficiary] would have received the same benefits or less benefits under prior wills or under intestacy than he has already received.").

[26] *Id.* at 562 (Walker, J., dissenting). Before *Holcomb*, other courts of appeals rejected similar arguments, in each instance recognizing that the acceptance of benefits under a will estops the contestant from later suing to set the will aside. *See In re Estate of Hill*, 761 S.W.2d 527, 527–28 (Tex. App.—Amarillo 1988, no writ) (affirming trial court's dismissal of will contest due to beneficiary's acceptance of benefits); *Sheffield v. Scott*, 620 S.W.2d 691, 693–94 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n r.e.) (same).

[27] 274 S.W.2d 670 (Tex. 1955), *overruled on other grounds by Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958), *as recognized in Gulf, C. & S. F. Ry. Co. v. McBride*, 322 S.W.2d 492, 496 (Tex. 1958).

[28] *Id.* at 676.

entitlement save for the testator's bequest, then the contestant's acceptance of it is inconsistent with a claim that the will is invalid.[29]

The court of appeals in *Holcomb* relied on an incorrect interpretation of our decision in *Trevino v. Turcotte*.[30] *Trevino* involved a series of will contests to Sarita East's 1960 will.[31] Edgar Turcotte accepted benefits worth over $1 million under East's 1960 will and served as an executor of East's estate.[32] When Turcotte died, his heirs brought a will contest, seeking to set aside East's 1960 will in favor of a 1948 will, in which, they alleged, Turcotte had an interest worth $5 million.[33]

We held that Turcotte had accepted benefits under the 1960 will and thus his heirs lacked standing to contest it.[34] In doing so, we rejected the theory, later espoused in *Holcomb*, that Turcotte's acceptance of $1 million in benefits was consistent with his heirs' pursuit of $5 million should the will be set aside. Turcotte's acceptance of benefits under the 1960 will was not

---

[29] *See id.* ("The proper test . . . is whether the alleged benefits granted her by the will are or are not something of which she could legally be deprived without her consent. If they are, there is a benefit, which she can accept only by accepting also the burdens; if they are not there is no benefit and thus no case of election.").

[30] 564 S.W.2d 682 (Tex. 1978).

[31] *Id.* at 684. The case's factual background is further described in *Turcotte v. Trevino*, 499 S.W.2d 705 (Tex. App.—Corpus Christi 1973, writ ref'd n.r.e.).

[32] *Turcotte*, 499 S.W.2d at 708–09.

[33] *Id.*

[34] *Trevino*, 564 S.W.2d at 686–87 ("Clearly, there is more than a scintilla of evidence to support the finding of the trial court that Edgar Turcotte did take many of the substantial benefits to which he was entitled under the 1960 will, and that he never revoked, or intended to revoke, his acceptance. . . . He never contested the will. To the contrary, as executor, he defended the probate of the will in court.").

consistent with his heirs' claim that the will was invalid; thus, his heirs were estopped from contesting it.[35]

Similarly unavailing is MacNerland's claim, accepted by the court of appeals, that she is not estopped because she did not accept all that the will entitles her to receive. A beneficiary may enforce the will according to its terms; such an action does not ask to set the will aside.[36] Estoppel by acceptance of benefits also does not preclude the beneficiary from challenging the executor's conduct[37] or seeking the executor's removal.[38] In such instances, the beneficiary is seeking to enforce the terms of the will, not to invalidate them. Because they similarly seek enforcement, MacNerland's analogies to cases involving contract disputes and divorce settlements are inapt. When a party receives partial payment under a contract or judgment and sues to recover more, the positions are not inconsistent; the party seeks to enforce the contract or order, not to invalidate it.[39]

---

[35] *See id.* at 685–87; *see also id.* at 689 ("The rule of election and estoppel in will contests is . . . . designed to prevent one from embracing a beneficial interest devised to him under a will, and then later asserting a challenge of the will inconsistent with the acceptance of benefits.").

[36] *See* TEX. EST. CODE § 360.001(a) ("At any time after the first anniversary of the date original letters testamentary or of administration are granted, an executor, administrator, heir, or devisee of a decedent's estate, by written application filed in the court in which the estate is pending, may request the partition and distribution of the estate."); *id.* § 360.002(a) ("At any time after original letters testamentary or of administration are granted and the inventory, appraisement, and list of claims are filed and approved, an executor, administrator, heir, or devisee of a decedent's estate, by written application filed in the court in which the estate is pending, may request a distribution of any portion of the estate.").

[37] The relationship between an executor and the estate's beneficiaries gives rise to a fiduciary duty. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996).

[38] *See* TEX. EST. CODE § 404.003 (removal of independent executor without notice); *id.* § 404.0035 (removal of independent executor with notice).

[39] *See, e.g.*, *Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (holding that clients were not estopped from suing a firm for payment of part of a settlement because the clients' "initial acceptance of a lesser portion of the settlement [was] not inconsistent with their later assertion that they were entitled to more"); *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex. 1950) (noting that when "the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken" (citing 2 Am. Jur. *Appeal and*

In a will contest, however, the beneficiary does not seek to enforce the terms of the will; she charges that the will is invalid. A beneficiary must firmly plant herself on the side of the will's validity or invalidity and accept the consequences of that election.[40]

Assessing the value of assets granted under the will against the hypothetical value of benefits should it be set aside, as the *Holcomb* line of cases would attempt, presents practical problems as well. Cash-value comparisons risk compromising the testator's intent. Unlike cash, many estate assets are not fungible; wills commonly devise difficult-to-value assets, like family heirlooms. And, in any event, while we have recognized a cash-benefits exception in marriage-dissolution cases, the mutual fund MacNerland accepted in this case was not cash.[41]

MacNerland argues that an opportunistic executor could offensively deny a would-be will contestant's claim by partially distributing the estate to an unwitting beneficiary to avoid a will contest. The doctrine sufficiently accounts for this concern, however, by requiring that a beneficiary voluntarily accept the benefit.[42] If a beneficiary or devisee lacks knowledge of some

*Error* § 215)); *see also Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (applying *Carle*'s exception to estoppel by acceptance of benefits).

[40] *Miller v. Miller*, 235 S.W.2d 624, 626–27 (Tex. 1951) ("The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument so far as it concerns him; conforming to its provisions and renouncing every right inconsistent with it." (quoting *Dakan v. Dakan*, 83 S.W.2d 620, 624 (Tex. 1935))).

[41] *See Kramer v. Kastleman*, 508 S.W.3d 211, 223 n.53 (Tex. 2017) (recognizing that entitlement to cash benefits may be a basis for avoiding an estoppel bar in marriage-dissolution cases) (collecting cases). MacNerland argues that her acceptance of the mutual fund account was tantamount to cash. Mutual funds, however, are not cash. A mutual fund is a professionally managed, shareholder-funded investment program that trades in diversified holdings. *See Barron's Dictionary of Finance and Investment Terms* 473 (9th ed. 2014) (defining "mutual fund" as a "fund operated by an INVESTMENT COMPANY that raises money from shareholders and invests it in stocks, bonds, options, futures, currencies, or money market securities").

[42] "[T]here can be no ratification or estoppel from acceptance of the benefits by a person who did not have knowledge of all material facts" at the time of acceptance. *Frazier v. Wynn*, 472 S.W.2d 750, 753 (Tex. 1971); *see Turcotte v. Trevino*, 499 S.W.2d 705, 714–15 & n.2 (Tex. App.—Corpus Christi 1973, writ ref'd n.r.e.) (recognizing

material fact at the time of acceptance, she may take steps to reject the benefit.[43] MacNerland did not attempt to return the mutual fund account to the estate or assert in this case that her acceptance of the account was involuntary.

\* \* \*

MacNerland was put to an election: either seek to set the will aside or accept the benefits Johnson bequeathed to her. She chose the latter. As a result, she "must adopt the whole contents of the instrument, so far as it concerns [her], conforming to its provisions, and renouncing every right inconsistent with it."[44] Because MacNerland accepted benefits under Johnson's will, the trial court properly dismissed her challenge to its validity. Accordingly, we reverse the judgment of the court of appeals and render judgment dismissing the suit.

_____
Jane N. Bland
Justice

OPINION DELIVERED:  May 28, 2021

---

"substantial authority" from other jurisdictions that "one who has accepted benefits without full knowledge of his rights or of the facts and circumstances surrounding the execution of the will, is not thereby estopped from contesting the same").

[43] *See Turcotte*, 499 S.W.2d at 715 ("Under those circumstances, he should be permitted to revoke his acceptance and tender back the benefits, and prosecute his claim either as an heir at law where there is no prior valid will, or as a beneficiary under a prior will whose existence was unknown to him at the time he accepted the benefits."); *see also Trevino v. Turcotte*, 564 S.W.2d 682, 686 (Tex. 1978) (observing that the devisee ratified his acceptance under the contested will by, among other things, taking no actions to return the accepted benefit).

[44] *Smith v. Butler*, 19 S.W. 1083, 1085 (Tex. 1892) (citation omitted).

13