

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00761-CV

**IN THE MATTER OF THE ESTATE OF** Van L. **CRAPPS**, Deceased

From the County Court at Law, Medina County, Texas
Trial Court No. 9498
Honorable Mark Cashion, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: October 25, 2023

DISMISSED FOR WANT OF JURISDICTION

This is an appeal from the trial court's order denying Appellants' motion to dismiss Appellee's will contest claims based on Appellee's alleged lack of standing. The trial court denied Appellants' motion, and they appealed. Because the order denying Appellants' motion to dismiss for Appellee's alleged lack of standing merely set the stage for a resolution of the parties' claims regarding Appellee's will contest, the order was interlocutory and not appealable. We dismiss this appeal for want of jurisdiction.

## BACKGROUND

In the underlying probate case, the trial court admitted a purported will for Van L. Crapps (Slim) to probate, and it appointed Lucille M. Crapps, Slim's widow, and Hunter Schuehle, Slim's business partner and long-time attorney, as independent co-executors of the estate.

### A.    Kevin's Appeal

Van Kevin Christensen, Slim's only child, filed a will contest; he also filed a motion for new trial addressing the trial court's order admitting the will.  After the trial court indicated it would deny Kevin's motion for new trial, Kevin filed a notice of appeal.  His notice acknowledged that the challenged order might be interlocutory.  We concluded it was, and we dismissed the appeal for want of jurisdiction.  *In re Estate of Crapps*, No. 04-21-00300-CV, 2023 WL 378673, at *1 (Tex. App.—San Antonio Jan. 25, 2023, no pet.) (op. on reh'g).

### B.    Present Appeal

Later, Hunter and Lucille moved to dismiss Kevin's will contest for lack of standing.  The trial court denied their motion, and Hunter and Lucille (Appellants) timely filed a notice of appeal.  Their notice argues that the trial court's order is appealable, but they also recognize that it may be interlocutory and not appealable.[1]

### C.    Show Cause Order

After reviewing the record, we questioned our jurisdiction in this appeal.  We noted that the trial court's order does not appear to "dispose of all parties or issues in a particular phase of the proceedings [but rather] sets the stage for the resolution of all proceedings [and] is interlocutory."  *See De Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006) (citing *Fischer v. Williams*, 331 S.W.2d 210, 214 (Tex. 1960)).  We ordered Appellants to show how this court has jurisdiction in this appeal.

---

[1] We commend the parties' attorneys for upholding the Texas Lawyers Creed and meeting their duty of candor to this court.  In the present and the previous appeal, the attorneys have given the question of appellate jurisdiction "deliberate, impartial and studied analysis and consideration."  *See* The Texas Lawyer's Creed—A Mandate for Professionalism, *reprinted in* TEXAS RULES OF COURT 689, 691 (2023).  They have respectfully presented their analyses—with supporting and contrary authorities—and have honored their duty of candor to this court.  *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.03(a)(4), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (TEX. STATE BAR R. art. X, § 9).

**D.      Appellants' Response**

In their response, Appellants assert that "the issue of standing must be tried 'separately and in advance of a trial of the issues affecting the validity of the will.'"  *See In re Estate of Perez-Muzza*, 446 S.W.3d 415, 419 (Tex. App.—San Antonio 2014, pet. denied) (quoting *In re Estate of Hill*, 761 S.W.2d 527, 528 (Tex. App.—Amarillo 1988, no writ)).

Citing several authorities, Appellants note that if their motion to dismiss Kevin's claims had been granted, the order would be appealable.  *E.g.*, *Womble v. Atkins*, 331 S.W.2d 294, 298 (Tex. 1960); *In re Estate of Perez-Muzza*, 446 S.W.3d at 419; *Rosin v. Berco & Leja Rosin Tr.*, No. 04-08-00601-CV, 2009 WL 1956386, at *2 (Tex. App.—San Antonio July 8, 2009, pet. denied) (mem. op.) ("Once the trial court found that the minor plaintiffs lacked standing to bring the will contest, all issues in the phase of the proceeding for which it was brought had been disposed by the trial court.").  Accordingly, they assert, "the converse should also be true."

But their assertion contravenes controlling law.

APPEALABILITY OF AN ORDER

"Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'"  *De Ayala*, 193 S.W.3d at 578 (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)).  However, "[n]ot every interlocutory order in a probate case is appealable, . . . and determining whether an otherwise interlocutory probate order is final enough to qualify for appeal, has proved difficult."  *Id.*

If no statute declares an order which concludes a probate proceeding phase to be final and appealable, then to be appealable, "the order [must] dispose of all issues in the phase of the proceeding for which it was brought."  *Id.* (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 782–83 (Tex. 1995)).

**DISCUSSION**

Appellants' core assertion is that the trial court's determination of standing—irrespective of whether the determination disposes of all the plaintiff's claims—is a final, appealable order because it concludes a "distinct, stand-alone phase of the proceedings." We disagree.

Where a will contestant's standing is challenged, "the issue of standing must be tried 'separately and in advance of a trial of the issues affecting the validity of the will.'" *In re Estate of Perez-Muzza*, 446 S.W.3d at 419 (quoting *In re Estate of Hill*, 761 S.W.2d at 528).

But requiring the question of standing to be resolved before trying the issues affecting the validity of a will does not (1) remove a motion to dismiss for lack of standing from the phase of the proceeding in which it was brought or (2) make determining standing a separate phase of the proceedings. *Cf. Haynes v. Edwards*, 698 S.W.2d 97, 98 (Tex. 1985) (per curiam) ("[A] judgment overruling a motion to dismiss for lack of interest in the decedent's estate in a will contest is interlocutory and cannot be appealed.").

Rather, the phase in which the motion to dismiss was brought remains the will contest; the question of standing is merely a part of the will contest phase. *Cf. Fischer*, 331 S.W.2d at 214 ("Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable.").

Thus, an order that grants a motion to dismiss all of a plaintiff's will contest claims based on the plaintiff's lack of standing is not final and appealable simply because it determined that the plaintiff lacked standing; it is final and appealable because the plaintiff's claims were dismissed, which disposed of the plaintiff's issues in the phase of the proceeding in which the motion to dismiss was brought. *E.g., Rosin*, 2009 WL 1956386, at *2 ("Once the trial court found that the

minor plaintiffs lacked standing to bring the will contest, all issues in the phase of the proceeding for which it was brought had been disposed by the trial court.").

On the other hand, an order that denies a motion to dismiss a plaintiff's will contest claims based on the plaintiff's lack of standing is merely interlocutory—despite the trial court's decision on standing—because the order did not "dispose of all issues in the phase of the proceeding for which it was brought." *See Crowson*, 897 S.W.2d at 783; *see also De Ayala*, 193 S.W.3d at 579.

Here, the trial court's order that denied Appellants' motion to dismiss Kevin's claims for his alleged lack of standing did not dispose of his will contest; it did not "dispose of all parties or issues in a particular phase of the proceedings." *See De Ayala*, 193 S.W.3d at 579.

Like *De Ayala*, the trial court's order here merely "sets the stage for the resolution of all proceedings [and] is interlocutory." *See id.*; *Haynes*, 698 S.W.2d at 98 ("[A] judgment overruling a motion to dismiss for lack of interest in the decedent's estate in a will contest is interlocutory and cannot be appealed.").

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM